**In the Interest of J.M., a Minor.**

**Appeal of J.M., a Minor.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 2014.

Filed April 7, 2014.

---

Thomas W. Gregory, Jr., York, for appellant.

Sarah E. Buhite, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: BENDER, P.J.E.,
DONOHUE and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:

J.M. (Appellant), a minor,[1] appeals from the dispositional order entered on May 17, 2013, after the juvenile court adjudicated him delinquent for committing sexual assault and aggravated indecent assault.[2] We affirm.

The background underlying this matter can be summarized as follows. Appellant and B.A., a female minor, attended high school together and were acquainted. On September 22, 2011, Appellant and M.L., a male minor, met B.A. in the evening hours. The trio ended up walking to a section of woods. M.L. eventually left Appellant and B.A. Thereafter, Appellant and B.A. had an encounter of a sexual nature. B.A. later reported that that encounter was not consensual. After an investigation, the Commonwealth charged Appellant with several offenses, including those mentioned above.

The juvenile court held a hearing on March 18, 2013. B.A., Detective Brian O'Melko, Appellant, B.A.'s mother, and B.A.'s aunt testified at the hearing. At the conclusion of the hearing, the court determined that Appellant committed the offenses noted above. On May 17, 2013, the juvenile court adjudicated Appellant delinquent and entered a dispositional order which subjected Appellant to probation with conditions.

Appellant timely filed a post-dispositional motion, which the juvenile court denied. Appellant timely filed a notice of appeal. The court did not order Appellant to comply with Pa.R.A.P. 1925(b); Appellant, however, filed a Pa.R.A.P. 1925(b) statement. The juvenile court later issued a Pa.R.A.P. 1925(a) opinion wherein it responded to Appellant's Pa.R.A.P. 1925(b) statement by relying on its opinion in support of its order denying Appellant's post-dispositional motion.

In his brief to this Court, Appellant asks us to consider the following questions.

[1.] Did the [juvenile court] err in adjudicating Appellant delinquent as the decision of the [c]ourt was not supported by sufficient evidence?

[2.] Was the decision of the [juvenile court] adjudicating Appellant delinquent against the weight of the evidence?

[3.] Was [ ] Appellant prejudiced by the delay in his case and the registration requirements imposed on him in this matter?

Appellant's Brief at 5 (suggested answers omitted).

The juvenile court determined that Appellant violated 18 Pa.C.S. §§ 3124.1 and 3125(a)(1). Section 3124.1 provides, in pertinent part, "[A] person commits a felony of the second degree when that person engages in sexual intercourse or deviate

---

* Retired Senior Judge assigned to the Superior Court.

1. Appellant was born in March of 1995.

2. 18 Pa.C.S. §§ 3124.1 and 3125(a)(1), respectively.

sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. Subsection 3125(a)(1) states, in relevant part, "[A] person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if . . . the person does so without the complainant's consent[.]" 18 Pa.C.S. § 3125(a)(1).

▮ Appellant's first issue challenges the sufficiency of the evidence presented by the Commonwealth at his hearing. Appellant concedes that he had a sexual encounter with B.A. Appellant's Brief at 12. He, however, argues that the Commonwealth failed to offer sufficient evidence to establish that the encounter was not consensual. *Id.* While Appellant acknowledges that B.A. testified that the encounter was not consensual, *id.* at 13, he dedicates a substantial portion of his argument attempting to undermine B.A.'s credibility. *Id.* at 12–13.

When a challenge to the sufficiency of the evidence is made, our task is to determine whether the evidence and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to enable the fact-finder to find every element of the crime charged beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. Moreover, we must defer to the credibility determinations of the [juvenile] court, as these are within the sole province of the finder of fact. The trier of fact, while passing upon the credibility of witnesses, is free to believe all, part, or none of the evidence.

*In re T.G.*, 836 A.2d 1003, 1005 (Pa.Super.2003) (citations omitted).

At Appellant's hearing, B.A. testified that, soon after M.L. left her and Appellant in the woods, Appellant put his hand on her chest and laid her down. N.T., 3/18/2013, at 9. She told Appellant to stop, and he said that she should know that he does not take no for an answer. *Id.* at 9–10. According to B.A., Appellant unbuttoned his pants and then her pants.[3] *Id.* at 10. B.A. stated that she kept telling Appellant to stop, but Appellant "put his penis in [her] vagina." *Id.* B.A. later recalled that Appellant also placed his fingers in her vagina despite her asking him to stop. *Id.* at 12–13. Appellant also testified at the hearing. Appellant admitted to having sex with B.A. but asserted that B.A. consented to the sex. *Id.* at 79–80.

After the parties presented all of their evidence and arguments, the juvenile court stated, *inter alia*, "[T]he bottom line in this case comes back to the testimony of the alleged victim and the juvenile." *Id.* at 99. The court then found B.A.'s testimony to be credible and Appellant's testimony to be incredible. The court, thus, concluded that Appellant committed sexual assault and aggravated indecent assault.

As we noted above, the juvenile court was free to believe all, part, or none of the evidence, and we must defer to the court's credibility determinations. Thus, when this evidence is viewed in a light most favorable to the Commonwealth, it establishes that B.A. did not consent to Appellant placing his fingers and penis inside of her vagina. Consequently, Appellant's first issue warrants no relief.

---

3. B.A. later testified that her pants had a drawstring, not buttons. N.T., 3/18/2013, at 26.

█ Appellant next argues that his adjudication of delinquency is contrary to the weight of the evidence. In so doing, Appellant highlights inconsistencies in B.A.'s testimony. Appellant's Brief at 15–18. The crux of Appellant's argument is that B.A.'s testimony was incredible. *Id.* at 18

> [W]e may only reverse the [juvenile] court's [adjudication of delinquency] if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the [ ] court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the [juvenile] court palpably abused its discretion in ruling on the weight claim.
>
> Hence, a [juvenile] court's denial of a weight claim is the least assailable of its rulings. Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve. . . .

*In re C.S.*, 63 A.3d 351, 357 (Pa.Super.2013) (citations and quotation marks omitted).

Appellant included his weight-of-the-evidence claim in his post-dispositional motion. Post–Dispositional Motion, 5/28/2013, at ¶ 3. The juvenile court denied that motion. The court also summarily rejected Appellant's weight-of-the-evidence claim in its opinion in support of its order denying Appellant's post-dispositional motion. Opinion in Support of Order Denying [Appellant's] Post Disposition Motion, 7/3/2013, at unnumbered page 3. We, therefore, must determine whether the juvenile court palpably abused its discretion in rejecting Appellant's claim.

A review of the record reveals that there were some inconsistencies in B.A.'s testimony. For instance, B.A. initially testified that Appellant unbuttoned her pants but later acknowledged that she was wearing drawstring pants on the night in question. However, as we noted above, any conflicts or contradictions in B.A.'s testimony were for the juvenile court to resolve. We, therefore, cannot conclude that the juvenile court palpably abused its discretion by rejecting Appellant's weight-of-the-evidence claim. Appellant's second issue warrants no relief.

█ Under his last issue, Appellant points out that the criminal acts of which he was accused occurred in September of 2011. Appellant's Brief at 18. He indicates that, due to no fault of his own, the juvenile court did not consider the allegations lodged against him until March of 2013. According to Appellant, "[b]etween the time of the alleged incident and the [c]ourt adjudicating Appellant delinquent, the law with respect to registration for sexual offenses changed." *Id.* Appellant asserts that, as a result of this adjudication of delinquency, he is required to report as a sexual offender, and he seems to suggest that, had he been adjudicated earlier, he would not be subject to these sexual offender registration requirements. *Id.* at 18–19. Appellant fails to cite any authority in support of his argument.

The sexual offender registration legislation to which Appellant refers is codified at 42 Pa.C.S. §§ 9799.10–9799.41 and is known as the Sex Offender Registration and Notification Act or "SORNA." [4] *Commonwealth v. Lippert,* 2014 WL 561789, at

---

4. The Commonwealth argues, *inter alia,* that Appellant's "argument is meritless, as SORNA's retroactivity provision made it irrelevant when [Appellant's] fact-finding and adjudication occurred." Commonwealth's Brief at 8. The Commonwealth also fails to support its argument with citation to pertinent authority.

*6 n. 1. The General Assembly enacted SORNA on December 20, 2011, and amended it on July 5, 2012. *Id.* SORNA became effective on December 20, 2012. *Id.*

SORNA defines "Juvenile offenders" as follows.

(1) An individual who was 14 years of age or older at the time the individual committed an offense which, if committed by an adult, would be classified as an offense under 18 Pa.C.S. § 3121 (relating to rape), 3123 (relating to involuntary deviate sexual intercourse) or 3125 (relating to aggravated indecent assault) or an attempt, solicitation or conspiracy to commit an offense under 18 Pa.C.S. § 3121, 3123 or 3125 and either:

(i) is adjudicated delinquent for such offense on or after the effective date of this section; or

(ii) has been adjudicated delinquent for such offense and on the effective date of this section is subject to the jurisdiction of the court on the basis of that adjudication of delinquency, including commitment to an institution or facility set forth in section 6352(a)(3) (relating to a disposition of delinquent child).

(2) An individual who was 14 years of age or older at the time the individual committed an offense similar to an offense under 18 Pa.C.S. § 3121, 3123 or 3125 or an attempt, solicitation or conspiracy to commit an offense similar to an offense under 18 Pa.C.S. § 3121, 3123 or 3125 under the laws of the United States, another jurisdiction or a foreign country and was adjudicated delinquent for such an offense.

(3) An individual who, on or after the effective date of this paragraph, was required to register in a sexual offender registry in another jurisdiction or foreign country based upon an adjudication of delinquency.

The term does not include a sexually violent delinquent child.

42 Pa.C.S. § 9799.13.

Because Appellant was over the age of fourteen when he committed aggravated indecent assault and because he was adjudicated delinquent for such offense after SORNA's effective date, he qualifies as a "juvenile offender" pursuant to 42 Pa.C.S. § 9799.13(1)(i). "Juvenile offenders" are required to register under SORNA for life. 42 Pa.C.S. § 9799.15(a)(4) ("A juvenile offender who was adjudicated delinquent in this Commonwealth ... shall register for the life of the individual.").

Appellant's position is correct insomuch as he attempts to claim that, had he been adjudicated delinquent for committing aggravated indecent assault prior to SORNA's effective date, he would not have been considered a "juvenile offender" pursuant to subsection 9799.13(1)(i). However, pursuant to subsection 9799.13(1)(ii), a "juvenile offender" also is an individual who was fourteen years of age or older when he or she committed aggravated indecent assault, has been adjudicated of such an offense, and, on SORNA's effective date, was subject to the jurisdiction of the court on the basis of that adjudication. 42 Pa.C.S. § 9799.13(1)(ii).

Here, in its dispositional order, the juvenile court placed Appellant on probation with conditions and, thus, subjected Appellant to the jurisdiction of the court on the basis of his adjudication for, *inter alia*, aggravated indecent assault.[5]    Appellant

---

5. The juvenile court did not place any time limit on Appellant's probation. However, Appellant was born in March of 1995, which means the court can supervise Appellant until

he reaches the age of twenty-one in March of 2016. *See Comment* to Pa.R.J.C.P. 630 ("The Juvenile Court has jurisdiction of a delinquent child if the child is under twenty-one years

does not argue that, had he been adjudicated prior to SORNA's effective date, the juvenile court would not have subjected him to probation or would have set his probation to terminate prior to SORNA's effective date. Moreover, the record does not in any way suggest that such results would have occurred.

Thus, regardless of when the juvenile court adjudicated Appellant delinquent, Appellant is a "juvenile offender" and is required to register, pursuant to SORNA, for life. Consequently, Appellant's last issue warrants no relief.

For these reasons, we affirm the juvenile court's dispositional order.

Order affirmed.

and committed an act of delinquency prior to reaching the age of eighteen.") (citation omitted); *Commonwealth v. Brown*, 26 A.3d 485, 493 n. 4 (Pa.Super.2011) ("When the juvenile has attained the age of twenty-one, the court shall enter an order terminating court supervision of the juvenile.") (citation omitted).