J-S60005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: N.N., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: N.N., A MINOR | No. 1938 EDA 2014 |

Appeal from the Dispositional Order June 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-JV-0001969-2013

BEFORE: BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:       **FILED OCTOBER 20, 2015**

Appellant, N.N., a juvenile,[1] appeals from the dispositional order entered on June 30, 2014, after the juvenile court adjudicated him delinquent for committing indecent assault.[2] N.N. contends that the evidence was insufficient to support his adjudication of delinquency. After careful review, we affirm.

The facts which led to N.N.'s adjudication were summarized by the juvenile court as follows:

> On May 13, 2013 at approximately 9:50[a.m.], Dawn Marie Geiger was teaching her classroom at Beaver Middle School, located at 5925 Malvern Avenue. Ms. Geiger asked the students to sit in close proximity, but requested for them not to sit behind her desk. N.N., then a thirteen-year-old student, refused and sat behind [Ms.] Geiger. N.N. had been a full-time student in Ms. Geiger's class since September 7, 2012. N.N. reached through an opening in the back of Ms. Geiger's chair and grabbed Ms. Geiger's buttocks. Ms. Geiger was facing the front

_____

[1] N.N. was born in March of 2000.

[2] 18 Pa.C.S. § 3126(a)(1).

of the room, when she felt N.N.'s entire hand grab her buttocks. [Ms.] Geiger described a grabbing motion with her left hand extended palm up. The grab was not hard, but Ms. Geiger could feel the grab for two seconds. The grab did not leave any marks or bruises, and did not require any medical assistance.

After the grab, Ms. Geiger stood up, turned around, and said to N.N. "Are you serious?" N.N. looked at Ms. Geiger and laughed. N.N. was the only student directly behind Ms. Geiger. There was another student behind her to the left, but said student was not within reaching distance. Ms. Geiger walked away, because as she was turned around facing N.N., another student hit her in the back of the head. Ms. Geiger walked to the board to compose herself. Two other students walked over and summoned assistance from another school official to begin the disciplinary process. The co-worker summoned another school official and the school police officer to prepare a report.

Juvenile Court Opinion ("JCO"), 1/5/15, at 2 (unpaginated).

The juvenile court further summarized the relevant procedural history

of this case as follows:

On May 20, 2013, Philadelphia police arrested [], N.N., and charged him with Simple Assault (18 Pa.C.S. § 2701 § A-M2), Indecent Assault (18 Pa.C.S. § 3126 § A1-M2), and Harassment-Subjecting Others to Physical Contact (18 Pa.C.S. § 2709 § A1-S).

On August 13, 2013, after an adjudicatory hearing, this court issued a guilty verdict on the charge of Indecent Assault-M2, dismissed the remaining charges, and deferred adjudicating [N.N.] delinquent. On June 30, 2014, the Honorable Walter Olszewski adjudged N.N. delinquent. On July 9, 2014, N.N. filed Notice of Appeal to the Superior Court of Pennsylvania. On July 31, 2014, Judge Olszewski committed N.N. to a Residential Facility – Mid-Atlantic Pennsylvania Child Case in Luzerne Sex Offenders/Fire Setters Program. On September 8, 2014, Judge Olszewski filed an Opinion in this matter. On October 14, 2014, the Superior Court remanded the matter to this court for filing of a Statement of Errors. On October 27, 2014, N.N. filed a Statement of Errors Complained of On Appeal.

JCO at 1 (unpaginated).

Herein, N.N. presents the following sole issue for our review: "Was not the evidence insufficient as a matter of law to prove indecent assault where [N.N.], a thirteen year-old boy, grabbed his teacher's bottom for two seconds, in full view of his friends and classmates and then laughed when confronted by his teacher?" N.N.'s Brief at 4.

Our standard of review in a sufficiency of the evidence challenge is well-settled:

> When a challenge to the sufficiency of the evidence is made, our task is to determine whether the evidence and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to enable the fact-finder to find every element of the crime charged beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. Moreover, we must defer to the credibility determinations of the [juvenile] court, as these are within the sole province of the finder of fact. The trier of fact, while passing upon the credibility of witnesses, is free to believe all, part, or none of the evidence.

*In re J.M.*, 89 A.3d 688, 691 (Pa. Super. 2014) (citation omitted).

Specifically, Appellant challenges the sufficiency of the evidence to support his adjudication for indecent assault under 18 Pa.C.S. § 3126, which provides, in relevant part, as follows:

**(a)** **Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

> (1)     The person does so without the complainant's consent.

18 Pa.C.S. § 3126(a)(1). "Indecent Contact" is defined by section 3101 of the Crimes Code as: "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire in either person." 18 Pa.C.S. § 3101. N.N. acknowledges that the buttocks has been recognized as an "intimate part." N.N.'s Brief at 9, n.1.

N.N. concedes that his action was worthy of punishment; however, he contends that the evidence was insufficient to support an adjudication for indecent assault where there was no evidence that the act was done "for the purpose of arousing or gratifying sexual desire." N.N.'s Brief at 7. N.N. suggests that he rather "made an immature and impulsive decision to grab his teacher for a laugh." *Id.*

We note the well-reasoned explanation provided by the juvenile court in support of its finding of indecent assault:

> This court has no doubt that N.N. was the person that grabbed Ms. Geiger's buttocks. N.N. was the only student within arm's reach of Ms. Geiger. In addition, N.N. looked at Ms. Geiger and laughed, when confronted by Ms. Geiger. This court believes that N.N.'s conduct demonstrated his guilt. Clearly, Ms. Geiger did not consent to said touch.
>
> This court also has no doubt that N.N. did so for the purpose of sexual gratification. The touch was to Ms. Geiger's sexual or intimate body part. N.N. was a thirteen-year-old male who touched the body of a twenty-six year-old female. This court believes that N.N. purposely situated himself behind Ms. Geiger, despite having been instructed not to do so, with the intent of touching her. Ms. Geiger felt N.N.'s entire hand grab her buttocks for two seconds. This touching is more significant than a pinch or a slap to the buttocks, which may have been more

consistent with a prank or simple harassment. If the touch had been to any other part of Ms. Geiger's body, the argument that N.N. was pulling a prank would have been more persuasive.

JCO at 3 (unpaginated). As we noted above, the juvenile court was free to believe all, part, or none of the evidence, and we must defer to the court's credibility determinations. *In re J.M.*, 89 A.3d at 691.

In further support of the juvenile court's finding that N.N. acted for the purpose of sexual gratification, the record indicates that N.N. has been receiving services since 2006, specifically for inappropriate sexual behavior.[3] N.T. Delinquency Hearing, 8/13/14, at 21. Additionally, N.N. has been receiving multiple other services, including family therapy, as well as both learning support and emotional support at school. *Id.* at 20-21.

Based on our review of the facts in the light most favorable to the Commonwealth as the verdict winner, we conclude there was sufficient evidence to support the juvenile court's finding that N.N. committed indecent assault. Therefore, we uphold the order adjudicating N.N. delinquent.

Order affirmed.

_____

[3] We note that N.N.'s counsel did not object to the court's consideration of N.N.'s prior history of inappropriate sexual behavior at the delinquency hearing and does not raise any issues in regard to the same on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2015