J-S56033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF:  J.J.D., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF:  J.J.D. | |
| | No. 200 MDA 2016 |

Appeal from the Dispositional Order November 25, 2015
In the Court of Common Pleas of Lancaster County
Juvenile Division at No(s): CP-36-JV-0000374-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 19, 2016**

J.J.D. ("Appellant") appeals from the dispositional order entered by the Court of Common Pleas of Lancaster County, Juvenile Division, after the court adjudicated Appellant delinquent for committing an act that would constitute theft by unlawful taking if he were an adult.  Appellant presents a challenge to the weight of the evidence centered on a discrepancy between the arresting officer's written report and his oral testimony.  We affirm.

The lower court aptly summarizes the factual and procedural history as follows:

> At the time of the adjudicatory hearing, [Appellant] was 18 years old.  On or about May 6, 2015, the Victim and [Appellant] were at the park.  According to the Victim, [Appellant] was "doing drugs," and, because she did not want to be involved with that activity, she decided to go home.  Uninvited, [Appellant] followed her home and into her residence despite her telling him that she did not want him there.  Upon entering her home, [Appellant] went straight to the bathroom and locked the door

---

*Former Justice specially assigned to the Superior Court.

where the Victim believes he continued to use drugs. [Appellant] then exited the bathroom and laid on the living room floor. At this point, the Victim said she became scared that he was dying and called 911; however, she hung up before speaking to anyone. 911 dispatch then called the Victim's home, but she did not answer the phone out of fear. Meanwhile, [Appellant] entered and left the bathroom several times. The Victim then grabbed the phone and locked herself in her bedroom where she proceeded to call her mother. Shortly thereafter, her father called her, and she told him that she was scared and that [Appellant] would not leave the house. Approximately 5 to 10 minutes later, she received a phone call and was told that [Appellant] was outside with police officers and that she was safe. A police officer then approached her as she exited the house[,] handed her a Samsung Galaxy 3 Tablet, and asked "is this yours." She indicated that it was, and the officer informed her that he had retrieved it from [Appellant]. She in turn indicated that [Appellant] did not have permission to take her tablet. (Adjudication, N.T. 10/5/16 at 5-13).

Officer Jesse James Blank of the Southern Regional Police Department testified that he was dispatched to the Victim's address for a 911 hang-up call. Upon his arrival approximately 10 minutes later, he encountered [Appellant] exiting the home via the front door. He further testified that [Appellant], who was breathing heavily, indicated that this was the home of his girlfriend and that they were fighting. Officer Blank noticed a bulge at [Appellant's] right hip, and, being concerned that it might be a weapon, the Officer asked him to lift his shirt, revealing the Victim's Samsung Galaxy 3 Tablet. Upon learning from the Victim that [Appellant] did not have permission to take her tablet, Officer Blank charged [Appellant] with one count [of] Theft by Unlawful Taking (Id. at 14-17), and, following the adjudicatory hearing held on October 8, 2015, he was adjudicated delinquent of the offense. (Id. at 27).

***

On cross-examination, counsel for [Appellant] questioned Officer Blank regarding the fact that he did not specifically indicate in his report that he had asked [Appellant] to lift his shirt. The officer acknowledged this fact, along with the fact that his report indicated that [Appellant] lifted his shirt, reached for the tablet and gave it to the officer. He also acknowledges that [Appellant]

stated that "his girlfriend had given it to him to hold on to." (Id. at 19).

***

[The court adjudicated Appellant delinquent and, at a disposition hearing held on November 25, 2015, issued an order directing Appellant] to complete the Youth Advocate Program, participate in drug and alcohol services, complete 30 hours of community service, participate in the Center for Community Peacemaking program and pay court costs. (Disposition Order, 11/25/15).

Lower Court Opinion, filed March 29, 2016 at 1-3.

Appellant presents one question for our review in this timely appeal:

WAS THE [JUVENILE] COURT'S FINDING THAT [APPELLANT] COMMITTED THE OFFENSE OF THEFT BY UNLAWFUL TAKING AGAINST THE WEIGHT OF THE EVIDENCE WHERE THE EVIDENCE SHOWED CONFLICTING ISSUES REGARDING INTENT, IN THAT THE OFFICER WROTE IN HIS REPORT THAT [APPELLANT] TURNED THE STOLEN ITEMS OVER TO HIM AS HE EXITED THE HOME BUT TESTIFIED THAT HE STOPPED [APPELLANT] AS HE EXITED THE HOME AND DISCOVERED [APPELLANT] WAS IN POSSESSION OF A STOLEN ITEM?

Appellant's brief at 5.

Our review of a weight claim in an appeal from a juvenile adjudication is the same as our review of a challenge to the weight of the evidence in an appeal from a criminal conviction:

[W]e may only reverse the [juvenile] court's [adjudication of delinquency] if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the [ ] court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the [juvenile] court palpably abused its discretion in ruling on the weight claim.

- 3 -

Hence, a [juvenile] court's denial of a weight claim is the least assailable of its rulings. Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve.

*In re J.M.*, 89 A.3d 688, 692 (Pa.Super. 2014) (citation omitted), *appeal denied*, 102 A.3d 986 (Pa. 2014).

Appellant assails the juvenile court's ruling on his weight of the evidence claim filed in his post-dispositional motion because, he claims, the officer's testimony that he directed Appellant to lift his shirt departed from his written report, which contained no reference to such a directive. This variation between the officer's written report and his testimony, Appellant maintains, undermined the officer's credibility as a witness. We disagree.

Though the written report did not state that the officer directed Appellant to lift his shirt to reveal what he was hiding underneath, it nevertheless stated that Appellant lifted his shirt in the officer's presence, surrendered the tablet to the officer, and explained that the Victim, "his girlfriend," had given it to him. It further stated that the Victim denied giving Appellant permission to take the tablet. Though not identically worded, the officer's written report and testimony were substantially consistent in all meaningful respects and, importantly, not contradictory. It was, therefore, reasonable for the court to infer from the totality of the circumstances that the officer had encountered Appellant while Appellant was in the act of taking the Victim's tablet without her permission. Accordingly, we discern no abuse of discretion in the juvenile court's denial

of Appellant's post-dispositional motion asserting that the weight of the evidence belied wrongful intent.

Order Affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2016