J-S03025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: J.W., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.W., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2744 EDA 2016 |

Appeal from the Dispositional Order August 2, 2016
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0000942-2016

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 29, 2018**

J.W., a minor, appeals[1] from the dispositional order entered after he was adjudicated delinquent on charges of possession of marijuana with the intent to deliver ("PWID"), possession of marijuana, and criminal conspiracy. He claims the evidence at his adjudicatory hearing was insufficient to prove he was engaged in dealing marijuana. In the alternative, he argues the court's conclusion that he was engaged in dealing marijuana was against the weight of the evidence. We affirm.

_____

* Former Justice specially assigned to the Superior Court.

[1] J.W. filed his notice of appeal before the juvenile court dismissed his post-dispositional motion as a matter of law. This defect has been subsequently cured, and we therefore may proceed to address this appeal. **See** Pa.R.A.P. 905(a)(5).

To review J.W.'s challenge to the sufficiency of the evidence, we must determine whether the evidence and all reasonable inferences based on the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to enable the court to find every element of the crime charged beyond a reasonable doubt. *See In re J.M.*, 89 A.3d 688, 691 (Pa. Super. 2014). We do not weigh the evidence independently and substitute our judgment for the court which received the evidence first-hand. Rather, we defer to that court's credibility determinations. *See id*. The court, while assessing the credibility of witnesses, is free to believe all, part, or none of the evidence. *See id*.

J.W. first focuses on the testimony of Officer Steven Toner. *See* Appellant's Brief, at 13. Officer Toner was surveilling a fast food restaurant based upon reports of narcotics dealing on the premises. *See* N.T., Adjudicatory Hearing, 6/28/16, at 7. He observed J.W. standing in the doorway of the restaurant for about 10 minutes before an unknown man approached J.W. *See id*. After a short conversation, the two entered the restaurant. *See id*.

J.W. does not take issue with this prefatory testimony. His appeal concerns Officer Toner's testimony on what happened while J.W. was inside the restaurant. In short, Officer Toner testified that he observed J.W. give small objects to this unknown male in exchange for cash. *See id*. He then watched as J.W. returned to the doorway of the restaurant. *See id*., at 8.

Another male, identified as Leonard Shaw, approached J.W. in the doorway. *See id*. After a conversation, the two proceeded into the restaurant. *See id*. Officer Toner observed J.W. reach into his pocket and exchange a small object for cash from Shaw. *See id*.

A third man approached J.W. and Shaw, identified as Dennis Barnett. *See id*. J.W. handed Barnett some cash before a fourth man, identified as Keith White, approached. *See id*., at 9-10. Shaw stepped to the side, and White conversed with Barnett and J.W. *See id*., at 10. Officer Toner watched as Barnett exchanged a small object from his pocket for cash from White. *See id*., at 10-11. After the exchange, both White and Barnett left the restaurant. *See id*., at 11.

Police found two clear tubes with red tops containing marijuana and $5 in cash on J.W. *See id*., at 12. They found nine similar tubes containing marijuana as well as $41 in cash on Barnett. *See id*., at 13. Shaw was found with a similar tube of marijuana. *See id*., at 13-14. And loose leaf marijuana was seized from White. *See id*., at 14.

J.W. contends Officer Toner could not have observed any interactions inside the restaurant. He relies on the testimony of Officer Steven Shippen, whom J.W. called as a defense witness. Officer Shippen was inside the restaurant when J.W. was searched. *See id*., at 31. He testified that from the area of the restaurant where J.W. was standing, he could not see Officer

Toner. **See id**., at 33. Rather, he could only see Officer Toner when he moved towards the doorway. **See id**.

J.W. first argues this establishes that Officer Toner could not see inside the restaurant to observe the alleged transactions. However, this is at most a conflict in testimony, which the court resolved against Officer Shippen. When reviewing the sufficiency of the evidence, we cannot re-weigh this evidence and substitute our judgment for the court's. Thus, J.W.'s first argument merits no relief.

Similarly, J.W.'s argues that the evidence can only support a finding of possession for personal use. He concedes the evidence is sufficient to establish Barnett was dealing narcotics. **See** Appellant's Brief, at 14. He contends, however, that the evidence is insufficient to sustain the Commonwealth's theory that J.W. was selling marijuana in conjunction with Barnett. **See id**., at 15. J.W. believes the only reasonable inference from the evidence is that he was at the restaurant to smoke marijuana and purchase dinner. **See id**.

Once again, J.W.'s argument fails because it asks us to re-weigh the evidence. While it certainly would be reasonable to find, under the circumstances, that J.W. was, as he claims, merely present to use marijuana and purchase dinner, we cannot conclude that it is the *only* reasonable inference. It is also reasonable to conclude that J.W. was engaged in dealing marijuana in conjunction with Barnett, and handed Barnett cash as a payout. J.W.'s argument merits no relief.

Alternatively, J.W. claims the adjudication, while arguably supported by sufficient evidence, was against the weight of that evidence. We review J.W.'s challenge to the weight of the evidence pursuant to standards differing from our review of his sufficiency claim. J.W.'s weight challenge is predicated on the credibility of trial testimony. Thus, our review of the court's decision is "extremely limited." *Commonwealth v. Trippett*, 932 A.2d 188, 198 (Pa. Super. 2007) (citation omitted). As the court ruled on the weight claim below, our role is not to consider the underlying question of whether the verdict is against the weight of the evidence. *See id*. We are limited to determining whether the court's treatment of the weight claim was an abuse of its discretion. *See id*.

The court reviewed its decision and concluded J.W. had failed to establish the weight of the evidence compelled a different result. The court found that the evidence established J.W. was engaged in a conspiracy to sell marijuana with Barnett. After reviewing the entirety of the record, we cannot find the trial court abused its discretion. J.W.'s final issue therefore merits no relief.

Dispositional Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/18