J-S45011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.E., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.E., A MINOR | : | No. 1999 MDA 2017 |

Appeal from the Dispositional Order November 1, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-JV-0000457-2017

BEFORE:   OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED DECEMBER 26, 2018**

S.E., a minor, appeals from the Dispositional Order following his adjudication of delinquency for simple assault and robbery. *See* 18 Pa.C.S.A. §§ 2701(a)(1), 3701(a)(1)(iv). We affirm.

On February 8, 2017, Kassoum Yameogo ("Yameogo") was walking to the store after performing property work on Derry Street in Harrisburg, Pennsylvania. On Yameogo's walk, a group of young boys, including S.E. and A.B., approached Yameogo. As S.E. moved closer to Yameogo, one boy struck Yameogo from behind. An additional fifteen people appeared from the alleyway and repeatedly struck Yameogo. During the melee, Yameogo heard someone yell, "get the money." As Yameogo reached for his phone to call the police, he accidentally dropped his phone case on the ground. The attackers grabbed the phone case, believing the phone case to be Yameogo's phone. Upon realizing that Yameogo dropped his phone case and not his phone, the

_____
* Retired Senior Judge assigned to the Superior Court.

attackers threw the phone case back on the ground. At that time, Yameogo bit A.B. on the leg. Thereafter, the attackers fled the scene as police officers arrived. Nothing was stolen from Yameogo, and the attack left Yameogo with a split lip, scrapes, and contusions. The officers stopped a group of juvenile males after the incident and identified A.B. Subsequently, A.B. identified S.E. as one of the juveniles that attacked Yameogo.

On June 28, 2017, a delinquency Petition was filed alleging that S.E. committed the delinquent acts of simple assault, robbery, conspiracy (simple assault), and conspiracy (robbery). On August 31, 2017, the juvenile court adjudicated S.E. delinquent of simple assault and robbery, but found that the two counts of conspiracy were not substantiated. Following a dispositional hearing, the juvenile court placed S.E. on formal probation and ordered him to perform twenty-five hours of community service. S.E. filed a timely Post-Dispositional Motion, which the juvenile court denied. S.E. filed a timely Notice of Appeal and a court-ordered Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, S.E. raises the following questions for our review:

1. Whether the evidence presented at trial was insufficient to sustain the adjudication of delinquency for simple assault [and] robbery…?

2. Did the trial court err when it denied [S.E.'s] motion for a new adjudication hearing based on the adjudication of delinquency was against the weight of the evidence?

Brief for Appellant at 8 (capitalization omitted).

In his first claim, S.E. argues that the evidence was insufficient to support the adjudication of delinquency for simple assault and robbery. *Id.* at 14-17. S.E. claims that Yameogo could not identify who delivered the strikes during the incident or who reached for his phone case. *Id.* at 14, 17. S.E. contends that Yameogo's and A.B.'s testimony did not establish that he caused bodily injury to Yameogo. *Id.* at 14-15. S.E. also contends that the evidence was insufficient to establish that S.E. had the intent to take anything from Yameogo. *Id.* at 15-17.

We apply the following standard of review when examining a challenge to the sufficiency of the evidence supporting an adjudication of delinquency:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, the appellate court must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

***In the Interest of P.S.***, 158 A.3d 643, 650 (Pa. Super. 2017) (citation omitted).

The Crimes Code defines simple assault as an "attempt[] to cause or intentionally, knowingly or recklessly [cause] bodily injury to another." 18 Pa. C.S.A. § 2701(a)(1). Bodily injury is the "[i]mpairment of physical condition or substantial pain." ***Id.*** § 2301.

"A person is guilty of robbery if, in course of committing a theft, he … inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate serious bodily injury." ***Id.*** § 3701(a)(1)(iv). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." ***Id.*** § 3701(a)(2).

Here, Yameogo testified that on February 8, 2017, several young boys repeatedly punched him while on his walk to the store. ***See*** N.T., 8/28/17, at 14-20, 27-31. Yameogo testified that during the attack, he overheard someone yell "get the money." ***Id.*** at 18, 30. Yameogo also testified that, during the attack, one of the juveniles grabbed Yameogo's phone case off the ground, believing the phone case to be his phone. ***Id.*** at 18-19, 32. At this point, Yameogo bit A.B. on the leg. ***Id.*** at 19-20. Yameogo identified S.E. as one of the assailants. ***Id.*** at 23. After the attack, Yameogo had a split lip, scrapes and contusions, and it took him a month to recover from the injuries. ***Id.*** at 20-21, 32-33.

A.B. testified that he was at the scene of the incident. *Id.* at 36-57.
A.B. testified that S.E. approached Yameogo and struck him several times.
*Id.* at 36-39, 46-48, 50-53, 56. A.B. testified that he heard someone yell,
"he owe [sic] you money," and there was an attempt to take his phone. *Id.*
at 37, 40, 54-55. Additionally, A.B. confirmed that Yameogo bit him on the
leg. *Id.* at 36-37.

Viewing the evidence in the light most favorable to the Commonwealth,
and drawing all reasonable inferences therefrom, we conclude that the
evidence supports S.E.'s adjudication of delinquency for simple assault and
robbery. Indeed, Yameogo and A.B. identified S.E. as one of the assailants.
Further, S.E. repeatedly punched Yameogo while attempting to take his phone
case. Thus, S.E.'s first claim is without merit.

In his second claim, S.E. argues that the adjudication of delinquency for
simple assault and battery was against the weight of the evidence. Brief for
Appellant at 17-19. S.E. contends that the juvenile court gave improper
weight to Yameogo's and A.B.'s testimony. *Id.* S.E. further contends that
A.B. was not found credible at another juvenile co-defendant's adjudicatory
hearing related to this incident. *Id.* at 18.

When challenging the weight of evidence supporting an adjudication of
delinquency, this Court employs a well-settled standard of review:

> [W]e may only reverse the [juvenile] court's [adjudication of
> delinquency] if it is so contrary to the evidence as to shock one's
> sense of justice. Moreover, where the [] court has ruled on the
> weight claim below, an appellate court's role is not to consider the

underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the [juvenile] court palpably abused its discretion in ruling on the weight claim.

Hence, a [juvenile] court's denial of a weight claim is the least assailable of its rulings. Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve....

*In the Interest of J.M.*, 89 A.3d 688, 692 (Pa. Super. 2014) (citation omitted).

Here, the juvenile court found Yameogo's and A.B.'s identification of S.E. as the perpetrator to be credible. *See* Juvenile Court Opinion, 2/21/18, at 8; *see also id.* (noting that while A.B. attempted to downplay his involvement, his identification of S.E. was credible). Further, the juvenile court was free to resolve any conflicts or contradictions in the testimony. *See In the Interest of J.M.*, 89 A.3d at 692. Thus, the juvenile court did not abuse its discretion in denying S.E.'s weight of the evidence claim.

Dispositional Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/26/2018