J-S20035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INT. OF: R.J.R., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: R.J.R., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1546 MDA 2020 |

Appeal from the Dispositional Order Entered November 16, 2020
In the Court of Common Pleas of Berks County Juvenile Division at
No(s):  CP-06-JV-0000588-2019

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              **FILED AUGUST 27, 2021**

R.J.R., a minor, appeals from the Dispositional Order entered following her adjudication of delinquency for aggravated indecent assault and indecent assault.[1]  We affirm.

In December 2018, the victim (a female born in June 2012) stayed at the home of R.J.R.'s mother, T.M.-A., while the victim's mother attended a job interview.  The victim used the bathroom, which was located downstairs, near R.J.R.'s bedroom.  R.J.R., who was 12 years old at the time, knocked on the bathroom door, and entered while the victim was sitting on the toilet.  R.J.R. then digitally penetrated the victim's vagina.

---

[1] 18 Pa.C.S.A. §§ 3125(a)(1), 3126(a)(1).

Several weeks later, the victim told her mother about the assault. The victim's mother contacted police. The victim subsequently underwent a forensic interview with the Children's Alliance Center.

On October 28, 2019, the Commonwealth filed a Delinquency Petition, charging R.J.R. with the delinquent acts of involuntary deviate sexual intercourse ("IDSI"),[2] aggravated indecent assault, and indecent assault.

On January 6, 2020, the Commonwealth filed a Notice of its intention to present evidence pursuant to the "tender years" exception to the rule against hearsay.[3] The Commonwealth subsequently filed a Motion *in limine* seeking to introduce at trial the DVD recording of the victim's forensic interview under the "tender years" exception. On February 10, 2020, the juvenile court conducted a hearing, during which the DVD recording of the victim's forensic interview was presented. The juvenile court granted the Commonwealth's Motion *in limine*.

On July 20, 2020, the juvenile court conducted an adjudicatory hearing. At the close of the adjudicatory hearing, the juvenile court found sufficient evidence to establish that R.J.R. had committed the delinquent offenses of

_____

[2] 18 Pa.C.S.A. § 3123(a)(1).

[3] "The tender years exception allows for the admission of a child's out-of-court statement because of the fragile nature of young victims of sexual abuse." ***Commonwealth v. Lukowich***, 875 A.2d 1169, 1172 (Pa. Super. 2005); ***see also*** 42 Pa.C.S.A. § 5985.1 (permitting admission of a child's out-of-court statement, where the child is less than 12 years old, the statement described an enumerated offense, and the statement possessed indicia of reliability).

IDSI, aggravated indecent assault, and indecent assault. The juvenile court deferred disposition, but placed R.J.R. on temporary supervision, and ordered R.J.R. to cooperate with a sexuality evaluation and a psychological/psychiatric evaluation. By an Order entered on July 21, 2020, the trial court dismissed the IDSI charge.[4]

On November 16, 2020, the juvenile court adjudicated R.J.R. delinquent of the offenses of aggravated indecent assault and indecent assault. The juvenile court entered a Dispositional Order placing R.J.R. on probation for an indeterminate period of time, and directing R.J.R. to "pay restitution in the amount of $1 or an amount as agreed upon later or as [o]rdered by the [c]ourt for the benefit of [the victim]." Dispositional Order, 11/16/20, at 1. The juvenile court also ordered that R.J.R. shall not 1) view or possess pornography, 2) be permitted on the Internet or access an Internet device without adult supervision, or 3) be permitted in the presence of any person two or more years younger without adult supervision.

---

[4] In its Opinion, the juvenile court stated that it "granted the joint request [for dismissal]—not because of any perceived flaw in process or lack of evidence— but rather because [it] agreed that a dismissal of this charge would help to preserve community safeguards while also serving the treatment and rehabilitative needs of the juvenile." Juvenile Court Opinion, 1/19/21, at 1 n.4.

On December 7, 2020, R.J.R. filed a Post-Dispositional Motion challenging the weight of the evidence.[5] The juvenile court denied the Post-Dispositional Motion. R.J.R. filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

R.J.R. now raises the following issue for review: "Was the finding of involvement and subsequent for [*sic*] aggravated indecent assault without consent and indecent assault without consent in error and against the weight of the evidence?" Brief for Appellant at 8 (unnumbered).

R.J.R. argues that her adjudication of delinquency was against the weight of the evidence. *Id.* at 15 (unnumbered). R.J.R. claims that the victim's testimony was incredible, because it was "riddled with contradictory testimony and prior inconsistent statements…." *Id.* According to R.J.R., the victim's testimony at trial contradicted statements she previously had made to her mother, and during the forensic interview. *Id.* at 15-17 (unnumbered). R.J.R. points out that the victim's testimony contradicted the testimony of T.M.-A. *Id.* at 17 (unnumbered). R.J.R. also challenges the victim's truthfulness, arguing that

---

[5] We note that the Post-Dispositional Motion was entered on the docket on December 21, 2020. However, the Motion bears two timestamps by the clerk of courts—one for December 7, 2020, and another for December 21, 2020. Additionally, there is a note on the first page of the Motion that reads, "Judge already held the hearing. Order is in file & docketed." Further, although no petition for permission to file the Post-Dispositional Motion *nunc pro tunc* appears in the docket, the parties and the juvenile court agree that R.J.R. requested, and was granted, permission to file the Motion, *nunc pro tunc*.

[the victim] did not tell T.M.-A., someone she calls Grandma, about the incident. She did not tell her mother about the incident when she came to pick her up. She never acted differently after that incident or in distress. [The victim] waited six (6) weeks before telling her mother. She never gave any reason why she waited so long to tell her [mother].

*Id.* at 18 (unnumbered).

In reviewing a weight of the evidence challenge,

[w]e may only reverse the juvenile court's adjudication of delinquency if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the juvenile court palpably abused its discretion in ruling on the weight claim. Hence, a juvenile court's denial of a weight claim is the last assailable of its rulings. Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve[.]

*In re J.M.*, 89 A.3d 688, 692 (Pa. Super. 2014) (citation, some brackets, and paragraph break omitted).

Here, R.J.R. simply asks this Court to reweigh the evidence and reassess the juvenile court's credibility determinations, tasks which we may not undertake. *See id.* The juvenile court reviewed the testimony presented at the adjudicatory hearing, as well as the DVD of the victim's forensic interview, and had the opportunity to consider the alleged inconsistencies. *See* Juvenile Court Opinion, 1/19/21, at 5-9. The juvenile court specifically credited the victim's testimony,

acknowledg[ing] that slight inconsistencies are understandable and can be expected when examining the veracity of a young child/victim. However, it is worth noting that the testimony of

[the victim] was highly consistent in the fundamental facts that led [the juvenile c]ourt to the undeniable conclusion that she was the victim of the [delinquent] acts that were charged against R.[J.]R.

Juvenile Court Opinion, 1/19/21, at 8-9. From our review of the record, we cannot conclude that the adjudication of delinquency is so contrary to the evidence as to shock one's sense of justice. *In re J.M.*, *supra*. Accordingly, the juvenile court did not abuse its discretion in denying R.J.R.'s weight of the evidence claim.

Dispositional Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/27/2021