798 A.2d 210 (2002)
In the Interest of J.D.
Appeal of: J.D.
Superior Court of Pennsylvania.
Argued January 30, 2002.
Filed April 15, 2002.
*211 John Packel, Public Defender, Philadelphia, for appellant.
Catherine L. Marshall, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.
BEFORE: JOHNSON, MUSMANNO and BROSKY, JJ.
*212 OPINION BY BROSKY, J.
¶ 1 J.D. appeals the dispositional order imposed following a delinquency adjudication based upon a finding of guilt on charges of attempted theft and conspiracy.[2] Pursuant to that adjudication, Appellant was ordered to be committed to the State Department of Public Welfare for appropriate placement, and he was ordered not to obtain his driver's permit or license without the juvenile court's approval.[3] On appeal, he alleges that the evidence was insufficient to adjudge him guilty of attempted theft in the third degree. Also, Appellant argues that the juvenile court lacked statutory authority to impose the restrictions relating to driving privileges. After review, we affirm.
¶ 2 The juvenile court set forth the facts as elicited from the sole witness who testified at the delinquency hearing as follows:
The Commonwealth presented the testimony of Sergeant Susan Green who testified that on December 18, 2000 at approximately 12:05 a.m. she was off duty at her residence when she saw [Appellant] and another male on the 6000 block of Hegerman Street, Philadelphia, in the middle of the street pulling the handles of car doors. (N.T., February 20, 2001, at 4-7).
The two males pulled the handles of the first car door and it didn't open. They then tried a second vehicle, the van, which they opened. [Appellant] got in the van on the passenger side. The other male entered on the driver's side and turned on the interior light. [Appellant] rifled through the passenger compartment of the van while the other male lowered his head and tampered with the steering column. (N.T., at 7-8).
The males exited the van and walked to the parking lot of a nearby apartment complex. They pulled the door handles on two cars in that lot. Sergeant Green called 911 and police apprehended [Appellant] and the other male at the intersection of Hegerman and Benner Streets. (N.T., at 9-10).
Trial Court Opinion, May 14, 2001, at 2.
¶ 3 Appellant advances an insufficiency claim on the basis that the Commonwealth did not prove that Appellant actually was guilty of the third degree felony of attempted theft of an automobile; but rather, the evidence presented was only sufficient to prove his guilt of misdemeanor attempted theft.[4]
¶ 4 In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. Commonwealth v. Askins, 761 A.2d 601, 603 (Pa.Super.2000). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence. Commonwealth v. Seibert, 424 Pa.Super. 242, 622 A.2d 361, 362 (1993), appeal denied, 537 Pa. 631, 642 A.2d 485 (1994). As we stated in Commonwealth v. Devine, 750 A.2d 899, 904 (Pa.Super.2000),
The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's *213 innocence, but the question of any doubt is for the trier of fact unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
Id. (citing Seibert, supra).
¶ 5 When viewing the evidence in the light most favorable to the Commonwealth, we find that the evidence was certainly sufficient to prove Appellant's guilt of attempted automobile theft.[5]
¶ 6 According to the Crimes Code, 18 Pa.C.S.A. § 901(a), "[a] person commits an attempt when, with intent to commit a specific crime he does any act which constitutes a substantial step toward the commission of that crime." The elements of theft are: (1) unlawful taking or exercising unlawful control over (2) movable property of another (3) with the intent to deprive the owner thereof. 18 Pa.C.S.A. § 3921(a).
¶ 7 We agree with the juvenile court's analysis that by entering the van and his co-conspirator's tampering with the steering wheel once inside, these acts clearly constitute "substantial steps" toward the commission of automobile theft. The fact that Appellant and his co-conspirator never actually stole the car is of no import here as Appellant was convicted of attempted theft. Clearly, here the Commonwealth proved certain elements of the crime by circumstantial evidence. Our review of the evidence reveals that the Commonwealth sustained its burden of proving each element of the offense beyond a reasonable doubt. Therefore, Appellant's argument must fail.
¶ 8 Next, Appellant argues that the juvenile court exceeded its authority by ordering commitment to a juvenile facility and restriction of Appellant's driving privileges. This Court will not disturb the juvenile court's disposition absent a manifest abuse of discretion. In re Love, 435 Pa.Super. 555, 646 A.2d 1233 (1994). We note that after adjudicating a child delinquent, the juvenile court's authority is limited to selecting from the specific options listed in the Juvenile Act; and, an order which does not comport with one or more of the enumerated options is void for lack of statutory authority. In re R.A., 761 A.2d 1220 (Pa.Super.2000) (emphasis added).
¶ 9 42 Pa.C.S.A. § 6352 reads, in pertinent part, as follows:
Disposition of delinquent child
(a) General rule.If the child is found to be a delinquent child the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community:
***
(2) Placing the child on probation under supervision of the probation officer of the court or the court of another state as provided in section 6363 (relating to ordering foreign supervision), under conditions and limitations the court prescribes.

*214 ***
(4) If the child is 12 years of age or older, committing the child to an institution operated by the Department of Public Welfare.
¶ 10 As the Official Comment to subsection (a) clearly states, "among the probationary limitations that the court may require would be suspension or modification of motor vehicle operating privileges." 42 Pa.C.S.A. § 6352, Official Comment. Appellant incorrectly argues that the statute limits the court's authority to impose more than one of the enumerated options. Our reading of the statute permits the court to employ any of the enumerated options when making a delinquency disposition. Even though the court did not specifically title its disposition regarding suspension of driving privileges a "probation", this disposition amounts to a de facto form of probation.
¶ 11 Furthermore, the juvenile court provided the following explanation in support of its disposition:
In the instant case, [Appellant], who is fourteen years old, was attempting to steal a van. He has two prior adjudications for theft, unlawful taking, which are very likely car cases as well. As driving is not a fundamental right, [Commonwealth v. Strunk, 400 Pa.Super. 25, 582 A.2d 1326 (1990)], but rather a privilege, and [Appellant] has already abused that privilege prior to reaching the legal age for obtaining said privilege, it is in the community's interest to revoke that privilege until the [Appellant] has shown that he can handle the responsibilities that go with it.
Trial Court Opinion, May 14, 2001, at 5-6. We agree with the court's decision to revoke Appellant's driving privileges and we note that this disposition is consistent with both the aim and purpose of the Juvenile Act as stated in § 6352(a).
¶ 12 Accordingly, we affirm the Order of the Juvenile Court.
¶ 13 Order affirmed.
NOTES
[2] 18 Pa.C.S.A. § 3921(F3) and 18 Pa.C.S.A. § 903(F3).
[3] Appellant is presently 14 years of age.
[4] See 18 Pa.C.S.A. § 3903(a.1-b) for grading of theft offenses.
[5] We need not address the conspiracy conviction as Appellant only argues insufficiency as to attempted theft.