J-S46007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: A.M., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: A.M. | : | No. 2121 MDA 2013 |

Appeal from the Dispositional Order Entered November 14, 2013,
In the Court of Common Pleas of York County,
Juvenile Division, at No. CP-67-JV-000479-2013.

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 15, 2014**

Appellant, A.M., a juvenile, appeals from the order of disposition entered after he was adjudicated delinquent on a charge of making terroristic threats.  Appellant's Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the dispositional order and grant Counsel's petition to withdraw.

Appellant's adjudication of delinquency stems from a bomb threat at William Penn High School on May 20, 2013.  The record reflects that Vladimir Jean-Baptiste, Jr. testified that on that day, May 20, 2013, he entered a restroom at William Penn High School.  N.T., 9/17/13, at 13.  When he was inside the restroom, another student approached him and told him to be quiet.  ***Id***.  Vladimir identified this other student as Appellant.  ***Id***. at 14.

Appellant proceeded to make a phone call, and Vladimir testified that he heard Appellant say "I'm done with this, I'm going to blow this school up." *Id*. at 19. When Vladimir returned to his classroom, the school went on lockdown. *Id*.

School Security Officer Richard Muldrow, Jr. testified that after the bomb threat was called in, he began a sweep of the building and lockers. N.T., 9/17/13, at 30. Mr. Muldrow found a broken cell phone outside the building below an open window in "Dr. Tee's" classroom. *Id*. at 30-33. Mr. Muldrow testified that Dr. Tee's classroom had the only open window. *Id*. at 34. A video recording from the school on the day in question showed Appellant entering the bathroom with a cell phone and then leaving the bathroom, heading directly toward Dr. Tee's classroom. *Id*. at 38. The video also showed Vladimir exit the restroom and head away from Dr. Tee's classroom. *Id*.

Officer Ritchie P. Blymer testified that upon learning of the 911 call wherein a person called in the bomb threat, he drove to the school. He was apprised of the broken cell phone and the video recordings. N.T., 9/17/13, at 56. The officer testified that the broken phone was a deactivated phone that was only capable of calling 911. *Id*. at 60. Officer Blymer further testified that after reviewing the video and still pictures from the video, it

was his conclusion that the images showed Appellant near the restroom holding a hand-held device. *Id*. at 62.

While Appellant testified on his own behalf, the juvenile court found Vladimir's testimony more credible than Appellant's. The juvenile court concluded that Vladimir's testimony established the elements of terroristic threats had been established beyond a reasonable doubt.[1] Juvenile Court Opinion, 11/15/13, at 3 (unnumbered page). On November 14, 2013, the juvenile court entered an order of disposition adjudicating Appellant delinquent. A timely appeal was filed, and on November 27, 2013, the juvenile court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant's Counsel then filed a statement of intent to file an *Anders* brief, pursuant to Pa.R.A.P. 1925(c)(4).

---

[1] The Pennsylvania Crimes Code defines the crime of terroristic threats, in relevant part, as follows:

**Terroristic threats**

**(a) Offense defined**.--A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

\* \* \*

    (3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience.

18 Pa.C.S.A. § 2706(a)(3).

Before we address the questions raised on appeal, we first must resolve appellate Counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that Counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id***. at 1032 (citation omitted).

In this case, Counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious examination of the record. Following that review, Counsel concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the ***Anders*** brief and petition to withdraw, as well as a letter, a copy of which is attached to the ***Anders*** brief. In the letter, Counsel advised Appellant that he could represent himself or that he could retain private Counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in ***Santiago***, which provide that:

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably

supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

We conclude that Counsel's brief is compliant with *Santiago*. It sets forth the factual and procedural history of this case, cites to the record, outlines pertinent case authority and refers to issues that Counsel arguably believes support the appeal. *Anders* Brief at 4-9. Further, the brief sets forth Counsel's conclusion that the appeal is frivolous, and it contains Counsel's reasons for concluding that the appeal is frivolous. *Id*. at 11-13.

We are satisfied that Counsel has met the requirements set forth in *Cartrette*, and we will now address the issue raised in the *Anders* brief, which is set forth below:

1. Whether Appellant's adjudication of delinquency for terroristic threats is against the weight and sufficiency of the evidence ?

*Anders* Brief at 4 (full capitalization omitted).

Initially we note that our standard of review of dispositional orders in juvenile proceedings is well settled. The Juvenile Act grants broad discretion to juvenile courts in determining appropriate dispositions. *In re R.D.*, 44 A.3d 657, 664 (Pa. Super. 2012), *appeal denied*, 56 A.3d 398 (Pa. 2012). Indeed, the Superior Court will not disturb the lower court's disposition

absent a manifest abuse of discretion. ***In the Interest of J.D.***, 798 A.2d 210, 213 (Pa. Super. 2002).

In addition, a petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act. Dispositions which are not set forth in the Act are beyond the power of the juvenile court. ***Commonwealth v. B.D.G.***, 959 A.2d 362, 366-367 (Pa. Super. 2008) (citation omitted). We will disturb a juvenile court's disposition only upon a showing of a manifest abuse of discretion. ***Id***.

> The purpose of the Juvenile Act is as follows:
>
> Consistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.

42 Pa.C.S.A. § 6301(b)(2). "This section evidences the Legislature's clear intent to protect the community while rehabilitating and reforming juvenile delinquents." ***In the Interest of J.C.,*** 751 A.2d 1178, 1181 (Pa. Super. 2000).

As noted above, in the statement of questions involved, Counsel presents challenges to the weight and sufficiency of the evidence. The standard of review this Court utilizes in challenges to the sufficiency of the evidence is as follows:

When a challenge to the sufficiency of the evidence is made, our task is to determine whether the evidence and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to enable the fact-finder to find every element of the crime charged beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. Moreover, we must defer to the credibility determinations of the [juvenile] court, as these are within the sole province of the finder of fact. The trier of fact, while passing upon the credibility of witnesses, is free to believe all, part, or none of the evidence.

*In re T.G.*, 836 A.2d 1003, 1005 (Pa. Super. 2003) (citations omitted).

With respect to the weight claim, we note that:

[w]e may only reverse the juvenile court's adjudication of delinquency if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the juvenile court palpably abused its discretion in ruling on the weight claim.

Hence, a juvenile court's denial of a weight claim is the least assailable of its rulings. Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve[.]

*In re J.M.*, 89 A.3d 688, 692 (Pa. Super. 2014) (internal quotation marks and citation omitted).[2]

_____

[2] We are constrained to point out that, while Counsel presented a challenge to the weight of the evidence before the juvenile court and in his statement of questions presented in the *Anders* Brief, Counsel fails to discuss the weight of the evidence in the argument portion of the *Anders* Brief. Despite Counsel abandoning this issue on appeal, this Court will, as part of our independent review in cases involving petitions to withdraw, address the

Here, Vladimir's testimony established that Appellant used a cell phone from a school restroom to call in a bomb threat to 911 operators. This testimony, which the juvenile court deemed credible, established that Appellant communicated a threat causing serious public inconvenience, terror, or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience pursuant to 18 Pa.C.S.A. § 2706(a)(3). Upon review, when the evidence is viewed in a light most favorable to the Commonwealth, we conclude that the evidence was sufficient to prove that Appellant made the bomb threat and that the elements of 18 Pa.C.S.A. § 2706(a)(3) were proven beyond a reasonable doubt.

Moreover, nothing in the juvenile court's decision is shocking to one's sense of justice. As noted, the record established that Vladimir heard Appellant make a phone call and say "I'm done with this, I'm going to blow this school up", minutes prior to the school going on lockdown. N.T., 9/17/13, at 19. Here, the juvenile court rejected Appellant's challenge to the weight of the evidence, and we discern no abuse of discretion in the juvenile court's ruling.

For the reasons discussed above and following our independent review of the record, we conclude that Appellant's appeal is wholly frivolous, and we

---

weight of the evidence. **See Santiago**, 978 A.2d 349, 355 n.5 (stating that it is the responsibility of the reviewing court to independently review the record and make a determination whether the appeal is wholly frivolous).

affirm the dispositional order. Moreover, as we agree with Counsel's assessment of the appeal, and because we conclude that Counsel has satisfied the requirements for withdrawal, we grant Counsel's petition to withdraw.

Dispositional order affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2014