J-S14028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.J.B., A MINOR, | |
| Appellant | No. 765 MDA 2016 |

Appeal from the Dispositional Order July 7, 2016
In the Court of Common Pleas of Northumberland County
Juvenile Division at No(s): CP-49-JV-0000206-2015

BEFORE:  GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 13, 2017**

Appellant, J.J.B., a minor, appeals from the dispositional order[1]

entered on July 7, 2016, after he was adjudicated delinquent for the crimes

of theft by unlawful taking[2] and conspiracy to commit theft by unlawful

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  Although Appellant styles his appeal as being from the April 19, 2016
adjudication of delinquency, "the appealable order is not the adjudication of
delinquency (the equivalent of a finding of guilt in criminal matters), but
rather is the dispositional order (the equivalent of the judgment of sentence
in criminal matters)." **In re J.D.**, 798 A.2d 210, 211 n.1 (Pa. Super. 2002).
We have corrected the caption accordingly.

[2]  18 Pa.C.S. § 3921(a).

taking.[3]    After   careful   review,   we   remand   to   provide   Appellant   the

opportunity to file a post-dispositional motion *nunc pro tunc*.

The juvenile court set forth the relevant facts of this case as follows:

[Appellant] and three friends took a Kawasaki mule ([an all-terrain]  vehicle [or "ATV"]) for a ride at approximately 3:00 a.m. on July 7, 2015. [Appellant] had used the mule in the past with the permission of the owner on the owner's parents' property.  On the night in question, however, [Appellant] did not have permission to use the mule and took the ATV off of the owner's parents' property.

[Appellant], accompanied by two other boys, pushed the ATV off of the owner's property and up the road. The intent was to start it without waking anyone in the owner's house. [Appellant] and his compatriots met up with a fourth young man, [D.K.]  [Despite being part of the group, D.K.] contacted the police on his cell phone to advise them of a crime in progress. He was advised by the police to "act along with everything that was going on."

As [Appellant] drove the ATV and the other boys followed in a vehicle, [D.K.] continued to communicate with the police via text messages, largely revealing the location of the ATV. [Appellant] drove the ATV some distance and eventually stashed the same under a bridge by railroad tracks.

The police responded to the bridge by the railroad tracks and found the mule.  The key was missing.  Despite interviewing [Appellant], the police relied almost exclusively on the identification information provided by [D.K.] in the night's activities.

[Appellant] called two witnesses who testified that [Appellant] could not have participated in the theft because they each viewed him in another location during the time in which the crime is alleged to have occurred. However, the Court found both witnesses['] accounts of the timing and their respective

---

[3] 18 Pa.C.S. § 903.

views of [Appellant] to lack credibility. Each witness could only testify to one view of [Appellant, and] neither witness kept [Appellant] in their view the entirety of the night in question.

The Court determined that the owner of the ATV/mule was credible. The Court determined that the companions of [Appellant] were only credible in their testimony that they were all present together at the location of the mule/ATV. The Court found their respective testimony that [Appellant] was on the mule and then another ATV in the same night credible. The Court found the testimony of the two Defense witnesses as to [Appellant's] alibi incredible. Neither of the witnesses could attest to [Appellant's] whereabouts between the hours of 2:00 a.m. and 4:00 a.m. on the evening/morning of July 8, 2015. Yet their testimony was that [Appellant] was either asleep or at home during those time periods.

On the basis of the testimony the Court found to be credible, this Court adjudicated [Appellant] delinquent and committed the same to placement.

Juvenile Court Opinion, 9/16/16, at 1-2. Thereafter, Appellant filed the instant appeal, and both Appellant and the juvenile court have complied with Pa.R.A.P. 1925.

On appeal, Appellant purports to raise two issues for this Court's consideration:

I. Whether the [juvenile] court erred in determining the Commonwealth's witness, [D.K.], was credible.

II. Whether the [juvenile] court erred in determining the Commonwealth proved beyond a reasonable doubt that [Appellant] committed delinquent acts.

Appellant's Brief at 6 (full capitalization omitted). After review, however, we conclude that that the entirety of Appellant's brief consists of challenges only to the weight of the evidence.[4]

Our standard of review in juvenile cases is well settled:

The Juvenile Act[, 42 Pa.C.S. §§ 6301–6375,] grants juvenile courts broad discretion when determining an appropriate disposition.... We will disturb a juvenile court's disposition only upon a showing of a manifest abuse of discretion.

*In re T.L.B.*, 127 A.3d 813, 817 (Pa. Super. 2015), *appeal denied*, 138 A.3d 6 (Pa. 2016) (citation omitted). Moreover, we review challenges to the weight of the evidence the same in both juvenile and adult cases. *In the Interest of J.G.*, 145 A.3d 1179, 1187 (Pa. Super. 2016). That manner of review is as follows:

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Ramtahal*, 613 Pa. 316, 33 A.3d 602 (2011). An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. *Id.*, 613 Pa. at 327–28, 33 A.3d at 609. Moreover, a court's denial of a motion for a new trial based upon a weight of the evidence claim is the least assailable of its rulings. *Commonwealth v. Rivera*, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009).

*Interest of J.G.*, 145 A.3d at 1187 (internal citation marks omitted).

---

[4] In his brief, Appellant challenges only the credibility of the witnesses and, thus, presents a challenge to the weight of the evidence. *See Commonwealth v. Lopez*, 57 A.3d 74, 80 (Pa. Super. 2012) (stating that a challenge to the credibility of a witness is a challenge to the weight of the evidence).

Generally, a weight-of-the-evidence claim is waived if it is not presented to the trial court in a criminal case. Pa.R.Crim.P. 607(A); **Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014). The comment to Pa.R.Crim.P. 607 specifies that weight-of-the-evidence claims in criminal proceedings are waived unless they are raised with the trial court in a motion for a new trial; however, "the Pennsylvania Rules of Juvenile Procedure have no counterpart requiring the same manner of preservation." **In re J.B.**, 106 A.3d 76, 91 (Pa. 2014). Indeed,

> the current Rules of Juvenile Court Procedure—which 'govern delinquency proceedings in all courts'—are utterly silent as to how a weight of the evidence claim must be presented to the juvenile court so that it may rule on the claim in the first instance, which is . . . a necessary prerequisite for appellate review.

**Id**. at 98 (footnote omitted). Pa.R.J.C.P. 620(A)(2) governs the filing of what it expressly designates as an "optional post-dispositional motion." **See** Pa.R.J.C.P. 620(A)(2) ("Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues.").

In the present case, Appellant did not file an optional post-disposition motion pursuant to Pa.R.J.C.P. 620 alleging that the verdict was against the weight of the evidence. Despite this omission, Appellant did present the issue in his Pa.R.A.P. 1925(b) statement, and the juvenile court addressed the claim in its Pa.R.A.P. 1925(a) opinion. As noted above, however, our Supreme Court considered this same scenario in **In re J.B.** but concluded

that the matter must be remanded to the juvenile court to provide the juvenile an opportunity to file a post-dispositional motion *nunc pro tunc*. ***In re J.B.***, 106 A.3d at 98-99. Although we recognize the inherent redundancy of such an approach because the juvenile court has already addressed the weight of the evidence in its Pa.R.A.P. 1925(a) opinion, we are compelled by controlling precedent to do the same. Therefore, we remand to the juvenile court to allow Appellant to file a post-dispositional motion *nunc pro tunc*.

Case remanded for proceedings consistent with this Memorandum. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017