J-S04007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.C.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: C.C.M. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1449 MDA 2017 |

Appeal from the Dispositional Order Entered August 17, 2017
In the Court of Common Pleas of Clinton County Juvenile Division at No(s):
CP-18-JV-0000073-2016

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 01, 2018**

Appellant, C.C.M., a minor, appeals from the dispositional order entered after he was adjudicated delinquent on charges of aggravated assault and resisting arrest.[1]  We affirm.

The juvenile court summarized the factual history of this case as follows:

> Trooper [Andrew] Mincer[, of the Pennsylvania State Police Department,] testified that on November 26, 2016 at 12:00 Noon he was requested by Chief David Winkleman of the Pine Creek Police Department to act as Drug Recognition Expert concerning the arrest of [Appellant] for Driving Under the Influence of a Controlled Substance.  Trooper Mincer testified that Chief Winkleman transported [Appellant] to the Pennsylvania State Police Barracks and arrived at approximately 12:15 P.M.  Trooper Mincer testified that [Appellant] threatened

_____

[1] 18 Pa.C.S. §§ 2702(a)(3) and 5104, respectively.

to kill Chief Winkleman and referred to him as "Winklenuts." Trooper Mincer indicated that Trooper Mincer determined that [Appellant] was under the influence of a controlled substance and informed Chief Winkleman of that after doing a drug influence evaluation. Trooper Mincer indicated that the next step was to take [Appellant] for a blood draw. At this point and time [Appellant] pushed Trooper Mincer, pulled away and attempted to strike Trooper Mincer by pulling back his arm with a closed fist and moving his arm forward. Trooper Mincer took [Appellant] to the ground. [Appellant] told Trooper Mincer "fuck you and leave me alone." [Appellant] was placed in handcuffs and Trooper Mincer was assisted by another Trooper who happened to be in the Barracks. [Appellant] then spit blood and [saliva] into Trooper Mincer's face and eyes and indicated to Trooper Mincer that [Appellant] hoped that Trooper Mincer liked herpes and referred to Trooper Mincer as a fat fuck. Once placed in handcuffs, [Appellant] was taken to the Lock Haven Hospital for a blood draw. Trooper Mincer did not receive any injury, but indicated that [Appellant] had pulled back with a fist and was attempting to strike Trooper Mincer, but Trooper Mincer prior to being struck by [Appellant] took [Appellant] to the floor of the State Police Barracks. Trooper Mincer indicated that [Appellant's] shoulder and head area struck the floor and that when [Appellant] was brought to [his] feet that [Appellant] had a bloody lip and then spit on Trooper Mincer's face at which point the blood and [saliva] entered Trooper Mincer's eyes.

Juvenile Court Opinion, 10/4/17, at 2-3.

In connection with the incident that occurred on November 26, 2016, written allegations were filed alleging that Appellant had committed the crimes of aggravated assault and resisting arrest. Adjudication hearings were held on April 3, 2017, and June 28, 2017. At the conclusion of the June 28, 2017 hearing, Appellant was adjudicated delinquent on all allegations. The juvenile court conducted a disposition hearing on August 17, 2017. After receiving a Juvenile Social History, the juvenile court placed Appellant on supervision with the Clinton County Juvenile Probation Office

and directed Appellant to complete 150 hours of community service. This appeal followed. Both Appellant and the juvenile court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the evidence was sufficient to prove beyond a reasonable doubt that Appellant committed the offense of Aggravated Assault upon Trooper Mincer? Specifically, whether there was sufficient evidence to establish beyond a reasonable doubt that Trooper Mincer suffered bodily injury as defined in the crimes code?

2 Whether the evidence was sufficient to prove beyond a reasonable doubt that Appellant committed the offense of Aggravated Assault upon Trooper Mincer? Specifically, whether there was sufficient evidence to establish beyond a reasonable doubt that Appellant attempted to cause bodily injury to Trooper Mincer as that term is defined by the Crimes Code?

    a. Whether there was sufficient evidence to establish beyond a reasonable doubt that it was Appellant's specific intent to cause bodily injury to Trooper Mincer?

    b. Whether the evidence was sufficient to establish beyond a reasonable doubt that Appellant took a substantial step to cause bodily injury to Trooper Mincer?

Appellant's Brief at 8-9.[2]

Appellant argues that the evidence was insufficient to support an adjudication of delinquency on the charge of aggravated assault. Appellant's Brief at 16-21. Specifically, Appellant contends that the Commonwealth

_____

[2] In his appellate brief, Appellant presents both of his issues in a single argument. Accordingly, we will address his argument with a single analysis.

failed to prove that Trooper Mincer actually suffered a bodily injury, and the Commonwealth failed to prove that Appellant attempted to cause bodily injury to the officer.

We begin our review with the following standard in mind:

> In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. In making this determination, we must evaluate the entire trial record and consider all the evidence actually received. It is within the province of the fact finder to determine the weight to be accorded each witness's testimony and to believe all, part, or none of the evidence introduced at trial.

*In the Interest of J.C.*, 751 A.2d 1178, 1180 (Pa. Super. 2000). Moreover, the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence. *In the Interest of J.D.*, 798 A.2d 210, 212 (Pa. Super. 2002).

Aggravated assault of a police officer is defined as "attempt[ing] to cause or intentionally or knowingly caus[ing] bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty." 18 Pa.C.S. § 2702(a)(3). Under subsection (c) of section 2702, police officers are enumerated. 18 Pa.C.S. § 2702(c)(1).

To establish that a perpetrator committed aggravated assault under section 2702(a)(3), the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must

establish only an attempt to inflict bodily injury. ***Commonwealth v. Marti***, 779 A.2d 1177 (Pa. Super. 2001) (emphasis omitted). This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury. ***Id.***; ***see also Commonwealth v. Galindes***, 786 A.2d 1004, 1012 (Pa. Super. 2001) ("An attempt exists when the accused intentionally acts in a manner which constitutes a substantial or significant step toward perpetrating . . . bodily injury upon another.").

The juvenile court addressed Appellant's challenge to the sufficiency of the evidence as follows:

> [Appellant] simply argues that there was insufficient evidence to establish beyond a reasonable doubt that [Appellant] committed the offense of Aggravated Assault upon Trooper Mincer. [Appellant] was charged with committing Aggravated Assault by an attempt to cause bodily injury on a police officer by resisting arrest, attempting to strike and spitting blood and [saliva] into the face of Trooper Mincer. The Commonwealth does not allege that Trooper Mincer suffered bodily injury, only that there was an attempt made by [Appellant].
>
> In Commonwealth vs. Fortune, 68 A.3d 980 (Pa. Super. 2013) appeal denied, 621 Pa. 701, 78 A.3d 1089, the Superior Court found that where an accused possessed the required specific intent, acts in a manner which constitutes a substantial step towards perpetrating a serious bodily injury upon another that this was sufficient to find that an attempt to commit aggravated assault has occurred. The Superior Court further indicated that an intent ordinarily must be proven through circumstantial evidence and inferred acts, conduct or attendant circumstances. In this case, [Appellant] had threatened to harm Chief Winkleman, another Law Enforcement Officer who had arrested [Appellant] for Driving Under the Influence of a Controlled Substance and after pushing Trooper Mincer, pulled his arm back with a closed fist and attempted to strike the Trooper, who then took evasive actions to halt such injury to the Trooper. As noted, [Appellant] has only been charged with

Attempting to Cause Bodily Injury to the Trooper. Bodily injury is defined as impairment of physical condition or substantial pain. See 18 Pa.C.S.A. § 2301. Clearly, [Appellant] who had threatened to kill a Law Enforcement Officer in the presence of Trooper Mincer, attempted to strike Trooper Mincer with a closed fist to his face, spit in Trooper Mincer's face with blood and [saliva] hoping that Trooper Mincer contracted an infectious disease, all indicate that [Appellant] had a specific intent to cause impairment of physical condition or substantial pain to Trooper Mincer.

Juvenile Court Opinion, 10/4/17, at 3-4.

It was within the hearing judge's province to find that Appellant, by pulling his fist back and then spitting blood and saliva into the state trooper's face and eyes, intended to cause injury to Trooper Mincer. Trooper Mincer testified that Appellant pulled his fist back, which the trooper believed was an attempt by Appellant to strike him. N.T., 4/3/17, at 49-50. Trooper Mincer further stated that Appellant had assumed a threatening posture. *Id*. at 51. After Trooper Mincer handcuffed Appellant, Appellant responded by spitting blood and saliva into the trooper's face and eyes. Trooper Mincer testified that when Appellant spit at him, "the saliva and blood went all through my face and into my eyes." *Id*. at 40. He further explained that Appellant's "comment at that point was something to the effect of, I hope you like herpes you fat fuck." *Id*. This statement made by Appellant at the time of his actions further establishes that Appellant was attempting to inflict bodily injury.

Based on the foregoing evidence, we are satisfied that the hearing judge properly determined the Commonwealth established beyond a

reasonable doubt the element of attempt to cause bodily injury, which was necessary for the adjudication of delinquency for the offense of aggravated assault. Accordingly, we conclude that the evidence was sufficient to sustain Appellant's adjudication of delinquency and that Appellant's contrary claim lacks merit.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/01/2018