J-S41002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.B.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: K.B.R., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 693 MDA 2022 |

Appeal from the Dispositional Order Entered March 25, 2022
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-JV-0000201-2020

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 16, 2023**

K.B.R., a juvenile, appeals from the March 25, 2022 dispositional order[1] entered in the Court of Common Pleas of York County, following an adjudication of delinquency on charges of rape by forcible compulsion, involuntary deviate sexual intercourse (IDSI), sexual assault, and indecent assault.[2]   Appellant filed a timely post-dispositional motion alleging the

---

[*] Former Justice specially assigned to the Superior Court.

[1] On May 5, 2022, counsel filed a notice of appeal, which states the appeal is "from the adjudication of delinquency issued by the trial court on March 25, 2022." While counsel purports to appeal from the adjudication of delinquency, the appeal properly lies from the dispositional order, which was entered on March 25, 2022. We have amended the caption accordingly. ***In re J.D.***, 798 A.2d 210, 211 n.1 (Pa.Super. 2002) (noting appealable order is not adjudication of delinquency, but rather dispositional order, and correcting caption accordingly).

[2] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 3124.1, and 3126(a)(1), respectively.

adjudication was against the weight of the evidence. Following our careful review, we disagree and affirm the dispositional order in this clear case of credibility issues.

The relevant facts of this case, as gleaned from the certified record, are as follows: On February 4, 2020, Appellant and J.F. (hereinafter, "the victim") were attending an after-school vocal ensemble program at Central York Middle School in York County, Pennsylvania. Notes of testimony, 10/26/21 at 7. The victim testified that during this program, Appellant kept asking her questions, including whether she "would put his penis in [her] mouth." *Id.* at 8. The record reflects that both Appellant and the victim were 13 years old at the time and that the victim suffers from cerebral palsy. *Id.* at 26-27. Additionally, the parties did not know each other well or have any meaningful prior relationship with each other. *Id.* at 35.

At the conclusion of this program, Appellant followed the victim as she went to her locker to gather her belongings and attempted to coerce her into sexual activity. *Id.* at 9-10. A video of the incident establishes that while walking through the hallway, Appellant guided the victim's hand and placed it over his penis and placed his hand over her vagina. *Id.* at 10-11, 38-39. The video shows that the victim "continued walking and talking with Appellant" through the hallway, passing by several teachers and janitors, and stopping occasionally to talk with a teacher or teacher's aide, after this incident. *Id.* at 10; *see also* Commonwealth's Exhibit 2 at 4:06:24-4:12:34.

The victim testified that she pushed Appellant's hand away, verbally told him that she did not want to engage in sexual activity, and then walked into the female bathroom "to get out of the situation." Notes of testimony, 10/26/21 at 12, 38-39. At some point, Appellant unexpectedly entered the female bathroom, entered the victim's stall and locked the door behind him, and proceeded to pull his pants and underwear down and expose himself to her. *Id.* at 13-15, 39. Appellant then attempted to pull the victim's clothing down, but the victim pulled them back up. *Id.* at 15, 39-40. Thereafter, Appellant again pulled the victim's clothing down, instructed her to face the corner, began to attempt to penetrate the victim vaginally and anally. *Id.* at 16-17, 40. Appellant then physically forced the victim to perform oral sex on him by placing his hands on her shoulders and head. *Id.* at 18-20. Appellant later asked the victim in an email exchange with her not to tell anyone about this incident. *Id.* at 25-26.

The record reflects that during this hearing, the victim reiterated that she never gave Appellant permission to touch her but acknowledged "I didn't tell him directly. I believe, like, I told him indirectly, like, trying to pull my pants back up or being very hesitant, but I did not want to be touched like that." *Id.* at 21-22. Under further examination by the trial court, the victim confirmed that she never verbally agreed to sexual contact and said, "I told him that I wasn't ready to do this and that I didn't think it was a great idea." *Id.* at 38.

On February 28, 2020, Appellant was charged with rape by forcible compulsion, IDSI, sexual assault, and indecent assault in connection with this incident. Status hearings were held on January 19 and April 16, 2021. On July 19, 2021, the Commonwealth filed its petition alleging Appellant delinquent. On October 26, 2021, the juvenile court held a fact-finding hearing, during which the court substantiated all four charges against Appellant. Adjudication and disposition were deferred pending updated health assessments and new evaluations. Thereafter, on March 25, 2022, the juvenile court conducted a hearing and adjudicated Appellant delinquent. Appellant was placed on formal probation and ordered to remain in the care of his parents. *See* notes of testimony, 3/25/22 at 20.

On April 1, 2022, Appellant filed a timely post-dispositional motion alleging the adjudication was against the weight of the evidence. The juvenile court denied this motion on April 6, 2022. This timely appeal followed on May 5, 2022.[3]

Appellant raises the following issue for our review:

> Did the [juvenile] court abuse its discretion in denying [Appellant's] challenge that the weight of the evidence was against his adjudications for rape, sexual assault, [IDSI], and indecent assault where the objective video and email evidence refuted the complaining witness' account and indicated her sexual contact with [Appellant] was consensual?

Appellant's brief at 6.

_____

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 4 -

Specifically, Appellant avers that the victim consented to sexual contact, and that her testimony at the adjudicatory hearing was contradicted by "the objective evidence in the form of video footage and [her] own emails[,]" which, Appellant contends, established that she "was a willing participant in the encounter." *Id.* at 18.

Our standard of review of a challenge to the weight of the evidence is well settled. "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), *cert. denied*, 559 U.S. 1051 (2010). "[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa.Super. 2017) (citation omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict

is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

In sum, the juvenile court should reverse an adjudication of delinquency when it is "so contrary to the evidence as to shock one's sense of justice and the award of a new [hearing] is imperative so that right may be given another opportunity to prevail." *In re J.B.*, 106 A.3d 76, 95 (Pa. 2014) (citations omitted).

Upon review, we find that the juvenile court properly exercised its discretion in concluding that the adjudication of delinquency was not against the weight of the evidence. "[T]he trier of fact while passing upon the

credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), *appeal denied*, 926 A.2d 972 (Pa. 2007).

Here, the juvenile court, sitting as factfinder, found the testimony of the victim "entirely credible" and elected not to believe Appellant's version of the events. *See* juvenile court order, 4/6/22 at 1-3. The trial court emphasized that "while there may have been minor inconsistencies in [the victim's] testimony with regards to an event that took place over a year and a half ago, those inconsistencies did not change the critical facts of her story." Juvenile court order and opinion, 6/2/22 at 2.[4]

The court further stated that it found that "the victim related the events at issue in a clear and articulate manner" and does not find that the adjudications of the juvenile court "so contrary to the evidence as to shock one's sense of justice." *Id.* at 2, 4.

Appellant essentially asks us to reassess the juvenile court's credibility determinations. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. *Clay*, 64 A.3d at 1055. Accordingly, Appellant's weight claim must fail.

_____

[4] The record reflects that the juvenile court's June 2, 2022 order and opinion does not contain pagination. For the ease of our discussion, we have assigned each page a corresponding number.

For all the foregoing reasons, we affirm the March 25, 2022 dispositional order.

Order affirmed.

Judge Murray joins the Memorandum

Judge Lazarus files a Dissenting Memorandum

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2023