J-A29023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: B.F., A MINOR   :   IN THE SUPERIOR COURT OF
      :         PENNSYLVANIA
      :
APPEAL OF: B.F.       :
      :
      :
      :
      :
      :
      :   No. 1324 EDA 2018

Appeal from the Dispositional Order Entered March 27, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-JV-0000570-2017

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:            **FILED APRIL 02, 2019**

Appellant, B.F., appeals from the March 27, 2018 Dispositional Order that was entered in the Delaware County Court of Common Pleas, which ordered Appellant to serve a period of probation after being adjudicated delinquent for Rape, Sexual Assault, and Indecent Assault.[1]  After careful review, we affirm.

The relevant factual and procedural history is as follows.  On April 13, 2017, then 15-year-old Appellant invited his neighbor, then 16-year-old M.B. ("Victim"), over to his basement to watch television where Appellant sexually assaulted Victim.

On June 6, 2017, the Commonwealth filed a Juvenile Delinquent Petition charging Appellant with Rape and related offenses.  On December 19, 2017,

_____

[1] 18 Pa.C.S. § 3121(a)(1); 18 Pa.C.S. § 3124.1; and 18 Pa.C.S. § 3126(a)(2), respectfully.

_____

\*   Former Justice specially assigned to the Superior Court.

the juvenile court held an adjudicatory hearing. The Commonwealth presented testimony from psychiatrist Jeffrey Naser, M.D. and Victim. Appellant testified on his own behalf, and presented testimony from Police Detective Michael Erickson, and his parents as character witnesses.

Dr. Naser testified that he had been Victim's treating psychiatrist for the past seven years. Dr. Naser explained that Victim is diagnosed with Autism, Attention Deficit Hyperactivity Disorder (ADHD), borderline intelligence with an IQ of 72, and some developmental delays in terms of fine and gross motor. Dr. Naser stated that Victim functions at a fourth or fifth grade level and struggles with social cues.

Victim testified to the following version of events. Victim stated that Appellant asked her to come over to watch television in his basement. Once they were alone in the basement, Appellant stated that he had a scar on his hip and asked Victim to show him her hip. After Appellant asked repeatedly, Victim lowered her pants to reveal her hip. Appellant grabbed Victim's pants, forcibly removed her clothes, laid on top of her, and forced his penis inside of her vagina. Initially, Victim vocalized objection and physically resisted. Eventually, she gave up resisting because she was scared and tired. Afterward, Appellant told Victim that if she disclosed the incident to anyone that she would go to jail and he would threaten her best friend. The next day, Victim disclosed the incident to her Mother and about a week later, they reported the incident to the police. On April 27, 2017, Victim submitted to a medical evaluation at Children's Hospital of Philadelphia.

Appellant testified to the following version of events. Appellant stated that he met Victim approximately 6 years ago, he and Victim kissed approximately two years ago, and he had not been alone with Victim in two years. Appellant confirmed that on the day in question, he walked across the street, knocked on Victim's door, and asked her to come over to his house. Appellant testified that he engaged in consensual sexual activity with Victim in his basement.

Detective Erickson testified that Victim's medical records lacked evidence of injury, but that was normal for victims of sexual assault. He also testified that, in this case, the police did not interview friends and parents because they were not eyewitnesses. Finally, he testified that the police investigation did not include forensic evaluation of clothing or execution of a search warrant to determine if Appellant had a scar. Detective Erickson explained that the police did not test the clothing for DNA because there was no indication that any DNA evidence would be present on Victim's clothing and Appellant claimed the sexual encounter was consensual.

Appellant's parents testified that Appellant had a peaceful and non-violent reputation in the community. Parties stipulated that other witnesses, if called, would testify favorably as to Appellant's character.

After the adjudicatory hearing, the juvenile court adjudicated Appellant delinquent. On March 28, 2017, after a dispositional hearing, the juvenile court determined that Appellant was in need of treatment, rehabilitation, and supervision and placed Appellant on probation pending further order of the

court and imposed an Order requiring Appellant to stay away from Victim. The juvenile court also ordered Appellant to follow all recommendations of the completed psychosexual evaluation, complete 4 hours of community service, and report to juvenile probation to submit a DNA sample. Appellant filed a timely Post-Dispositional Motion raising, *inter alia*, a challenge to the weight of the evidence, which the juvenile court denied.

Appellant timely appealed. The juvenile court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. The juvenile court filed a Pa.R.A.P. 1925(a) Opinion.

Appellant raises the following issues on appeal:

1. Was the verdict in this matter as to counts charging Rape, Sexual Assault, and Indecent Assault against the great weight of the evidence?

2. Did the Commonwealth present sufficient evidence to sustain the adjudication of [Appellant] on the counts charging Rape, Sexual Assault, and Indecent Assault?

3. Did the [juvenile] court err in permitting Jeffrey A. Naser, M.D. to testify at the December 19, 2017 adjudication hearing?

4. Did the [juvenile] court err in precluding Stacey Ferry's trial testimony on December 19, 2017 as it pertained to prior sexual contact between B.F. and M.B.?

Appellant's Brief at 3 (some capitalization omitted).

Our standard of review of dispositional orders in juvenile proceedings is well settled. The Juvenile Act grants broad discretion to juvenile courts when determining an appropriate disposition. *In re C.A.G.*, 89 A.3d 704, 709 (Pa. Super. 2014). We will not disturb the juvenile court's disposition absent a

manifest abuse of discretion. *In Interest of J.G.*, 145 A.3d 1179, 1184 (Pa. Super. 2016).

In his first issue, Appellant avers that the verdict is against the weight of the evidence. Appellant's Brief at 11. Appellant argues that Appellant and Victim testified to two different versions of events, and that the juvenile court should have found that Victim had diminished credibility due to inconsistencies in her statements and her delay in reporting the incident. *Id.* at 13, 16, 19, 27-29. Appellant also claims that police investigatory efforts were lacking and the failure to interview corroborating witnesses, conduct forensic evaluation of clothing, and execute search warrants resulted in no corroborating evidence and casts doubt upon Victim's allegations. *Id.* at 20-29. Appellant asserts that in light of the evidence supporting Victim's diminished credibility and the failed police investigatory efforts, the juvenile court abused its discretion in denying his challenge to the weight of the evidence. *Id.* at 30. This claim fails.

Generally, a weight of evidence claim is "addressed to the discretion of the judge who actually presided at trial." *In re J.B.*, 106 A.3d 76, 95 (Pa. 2014) (citations and quotation omitted). Once a juvenile court rules on a weight claim, this Court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence, rather we are limited to whether the juvenile court palpably abused its discretion in ruling on the weight claim. *In re. J.M.*, 89 A.3d 688, 692 (Pa. Super. 2014).

"A trial court should award a new trial if the verdict of the fact finder is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *In re J.B., supra* at 95 (citation and internal quotation marks omitted). A new trial should not be granted because of a conflict in testimony or because the facts could have supported a different conclusion. *In re C.S.*, 63 A.3d 351, 357 (Pa. Super. 2013). "Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve." *Id.* (citation omitted). An appellate court will not substitute its assessment of credibility for that of the finder of fact. *Commonwealth v. Manley*, 985 A.2d 256, 262 (Pa. Super. 2009). Accordingly, a juvenile court's denial of a weight claim is "the least assailable of its rulings." *In re J.M., supra* at 692 (citation omitted).

Instantly, Appellant argues that Victim had diminished credibility and the court should have accepted Appellant's version of events. However, the juvenile court made the opposite finding. The juvenile court wholly believed Victim's testimony and found Appellant to have diminished credibility. The juvenile court opined:

> [This court] heard and assessed the testimony of [Victim]. Her testimony regarding the events, were presented in a cogent, straight-forward and credible fashion. The court accepted her rendition of the events of April 13, 2017.
>
> * * *
>
> We resolve the issues based upon the impression derived from the testimony of witnesses and the reliability ascribed to that

testimony. Here, [Victim]'s testimony left the court [with] little doubt that her credible rendition of events was clear and accurate.

\* \* \*

The court observed [Appellant]'s presentation with particular focus on his voice and appearance. He fidgeted and shifted uneasily as he discussed the facets of the situation which deviated from [Victim]'s rendition of events. The court was puzzled by [Appellant]'s decision (when nobody was home at his house), after nearly two years of not having had any significant contact with [Victim], to walk across the street and invite [Victim] over to his house to watch television and hangout. The situation struck the court as a premeditated, conscious effort to isolate [Victim], alone, in his family's home. Then, [Appellant]'s statement that they mutually decided to "mess around" – in direct contradiction of what [Victim] stated – seemed implausible. [Appellant] also denied having penetrated [Victim]'s vagina. [Appellant]'s testimony did not rise to the level of certitude as that which attached to [Victim]'s presentation to the court.

Juvenile Court Opinion, filed 6/12/18, at unpaginated 4-5, 7, 9. The juvenile court also noted, and we acknowledge, that a victim's uncorroborated testimony is sufficient to support a conviction for Rape. *See id.* at unpaginated 11; *see also Commonwealth v. Wall*, 953 A.2d 581, 584 (Pa. Super. 2008).

The juvenile court found the Victim's uncorroborated testimony to be credible. We decline to disturb the juvenile court's credibility determinations or reweigh the evidence to support a different conclusion. Further, because a victim's uncorroborated testimony is sufficient to support a conviction for Rape, it is of no moment that the police investigation failed to uncover corroborating evidence. The verdict does not shock one's conscience, and,

therefore, the juvenile court did not abuse its discretion when it denied Appellant's challenge to the weight of the evidence.

Appellant next challenges the sufficiency of the evidence, averring that the evidence was insufficient to support Appellant's adjudication of delinquency for Rape, Sexual Assault, and Indecent Assault. Appellant's Brief at 30. Appellant argues that the Commonwealth's evidence lacks credibility, corroboration and believability in light of the contradictions between Victim and Appellant's testimony and the lack of corroborating evidence. *Id.* at 33-34. Appellant's argument is essentially a challenge to the weight of the evidence. Appellant concedes this when, in his sufficiency of the evidence argument section, he adopts the arguments previously set forth in his weight of the evidence argument section. *Id.* at 33, 37. As stated above, this claim fails.[2]

In his third issue, Appellant avers that the juvenile court erred in permitting Jeffrey A. Naser, M.D. to testify at the adjudicatory hearing. *Id*. at 38. Appellant argues that Dr. Naser's testimony improperly suggested that Victim was incapable of consent when Appellant was not charged with Rape of

---

[2] Moreover, Appellant fails to develop this issue properly in his Brief by failing to specify which elements of which crimes he is challenging for lack of sufficient evidence. Accordingly, in the alternative, this claim is waived for lack of development. *See* Pa.R.A.P. 2119(a)-(b) (requiring a properly developed argument for each question presented including a discussion of and citation to authorities in appellate brief); ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (stating failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue).

a person incapable of consent and was, therefore, irrelevant and highly prejudicial. *Id*. at 40. In turn, the Commonwealth argues that Dr. Naser's testimony was relevant to whether Appellant committed to the crime of Rape by forcible compulsion, and, therefore, the juvenile court did not abuse its discretion in admitting his testimony. Commonwealth Brief at 34-35. We agree.

We review a juvenile court's evidentiary rulings for an abuse of discretion. *In re N.C.*, 105 A.3d 1199, 1210 (Pa. 2014). "Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact." *Commonwealth v. Gonzalez*, 109 A.3d 711, 726 (Pa. Super. 2015) (citation omitted). Trial judges enjoy broad discretion regarding the admission of evidence and have the authority to exclude relevant evidence if its probative value is substantially outweighed by the risk of unfair prejudice or confusion. *Commonwealth v. Parker*, 882 A.2d 488, 492 (Pa. Super. 2005); *see also* Pa.R.E. 403. "[T]he function of the trial court is to balance the alleged prejudicial effect of the evidence against its probative value, and it is not for an appellate court to usurp that function." *Id*. (citation omitted).

The Crimes Code defines Rape, in pertinent part, as follows: "A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant . . . by forcible compulsion." 18 Pa.C.S. § 3121(a)(1). The Crimes Code defines "forcible compulsion" as "compulsion by use of physical, intellectual, moral, emotional or psychological force, either

express or implied." 18 Pa.C.S. § 3101. "This Court has observed 'forcible compulsion' as the exercise of sheer physical force or violence and has also come to mean an act of using superior force, physical, moral, psychological[,] or intellectual to compel a person to do a thing against that person's volition and/or will." ***Gonzalez***, ***supra*** at 720–21 (citation omitted). To determine whether forcible compulsion occurred, a juvenile court must weigh:

> the respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination or custodial control over the victim, and whether the victim was under duress.

***Commonwealth v. Rhodes***, 510 A.2d 1217, 1226 (Pa. 1986).

Instantly, Dr. Naser, who the Commonwealth called as Victim's treating psychiatrist, testified that he diagnosed Victim with Autism, ADHD, an IQ of 72, and delays in fine and gross motor skills. Dr. Naser's testimony regarding Victim's mental and physical state is most certainly relevant to determine whether Appellant used physical, intellectual, or psychological force to coerce Victim. It is within the trial court's discretion to determine whether this relevant evidence is unfairly prejudicial or confusing and, upon review, we find no abuse of discretion.

In his final issue, Appellant asserts that the juvenile court erred in precluding Appellant's mother from testifying regarding her knowledge of prior sexual conduct between Appellant and Victim. Appellant's Brief at 43. Appellant explains that he filed a Motion to Pierce the Rape Shield, which the

juvenile court granted, but failed to include one incident of prior sexual conduct that Appellant's mother witnessed. *Id.* at 43-46. Appellant made an oral Motion to present this evidence at the start of the hearing, which the juvenile court denied. *Id.* Appellant argues that the juvenile court abused its discretion when it granted the written Motion and then subsequently denied the oral Motion. *Id.* We disagree.

We review a trial court's ruling on the admissibility of evidence of the sexual history of a sexual abuse complainant for an abuse of discretion. *Commonwealth v. K.S.F.*, 102 A.3d 480, 483 (Pa. Super. 2014). The Rape Shield Law precludes any evidence of specific instances of the alleged victim's past sexual conduct "except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence." 18 Pa.C.S. § 3104(a). This Court has repeatedly stated "a defendant who desires to introduce evidence of the victim's prior sexual conduct must file a written motion and make a specific offer of proof prior to trial." *Commonwealth v. Burns*, 988 A.2d 684, 690 (Pa. Super. 2009); 18 Pa.C.S. § 3104(b). An oral motion on the eve of trial does not comply with the Rape Shield Law. *Id*. at 691.

Regarding the testimony of Appellant's mother and the specific instances of past sexual conduct that she witnessed, Appellant did not make a specific written proffer to the court asking to Pierce the Rape Shield pursuant to 18 Pa.C.S. § 3104(b). Appellant's oral Motion on the eve of trial did not

- 11 -

comply with the Rape Shield law. Accordingly, the juvenile court did not abuse its discretion when it precluded the testimony.

In conclusion, the juvenile court did not abuse its discretion when it adjudicated Appellant delinquent for Rape and related offenses, found that he was in need of treatment, rehabilitation, and supervision, and ordered him to serve a period of probation.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/2/19