J-S31008-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE INTEREST OF: D.J.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.J.B. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1050 WDA 2018 |

Appeal from the Order of Disposition Dated June 20, 2018
In the Court of Common Pleas of Venango County
Juvenile Division at No(s): J.V. No. 82-2015

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: FILED JULY 2, 2019

Appellant, D.J.B.,[1] appeals from the December 8, 2016 dispositional order entered following his adjudication of delinquency for two counts each of indecent exposure,[2] simple assault,[3] false imprisonment,[4] and indecent assault of a person less than 13 years of age,[5] as made final by the June 20, 2018 order denying his post-dispositional motion. We affirm.

_____

[1] We note that Appellant is now older than 18 years of age. However, Appellant is still considered a minor under the Juvenile Act, 42 Pa.C.S.A. § 6301 et seq., because he is under 21 years of age and committed an act of delinquency before the age of 18. See 42 Pa.C.S.A § 6302.

[2] 18 Pa.C.S.A. § 3127(a).

[3] 18 Pa.C.S.A. § 2701(a)(3).

[4] 18 Pa.C.S.A. § 2903(a).

[5] 18 Pa.C.S.A. § 3126(a)(7).

The juvenile court summarized the factual and procedural background of this case as follows.

> [Appellant] is a [minor], having a date of birth in October 1999. On February 18, 2016, a [p]etition alleging delinquency was filed against [Appellant], alleging acts which, if committed by an adult, would constitute [the above-listed crimes]. The allegations in this case arise primarily out of an incident involving [Appellant], G.W. ([Appellant's] step-brother, who occasionally lived in the same residence as [Appellant with G.W.'s mother, Crystal Walters]) and C.C. (a friend of G.W.), wherein C.C. and G.W. claim that [Appellant] locked them in his bedroom and groped their genitals.[6] Following a two-day contested adjudication hearing [that concluded on October 5, 2016], [the juvenile court] found that all of the aforementioned charges against [Appellant] were substantiated [], but deferred adjudication until a dispositional hearing could be held[.] On December 8, 2016, [the juvenile court] conducted an adjudicatory/dispositional hearing, after which [it] adjudicated [Appellant] delinquent for the offenses he committed, and, [] placed [Appellant] in Pathways Adolescent Center until further [o]rder of [c]ourt.

Juvenile Court Opinion, 9/12/2018, at 2-3 (internal footnotes and record citations omitted).

Appellant did not file a post-dispositional motion or a timely notice of appeal. On April 5, 2017, however, the juvenile court reinstated Appellant's direct appeal rights nunc pro tunc. On April 6, 2017, Appellant filed a notice of appeal. On May 3, 2017, the juvenile court issued an order instructing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed an untimely concise statement, which raised a single issue—a challenge to the weight of the evidence. The

_____

[6] G.W. alleged that Appellant abused him more than once prior to the incident involved herein.

- 2 -

juvenile court issued a 1925(a) opinion in which it requested that this Court remand the case to allow Appellant to file a post-dispositional motion challenging the weight of the evidence nunc pro tunc, as it had been improperly raised for the first time on appeal. See In re J.B., 106 A.3d 76 (Pa. 2014). On January 3, 2018, this Court remanded the case to the juvenile court. In re D.J.B., 580 WDA 2017 (Pa. Super. 2018).

> On February 1, 2018, counsel for [Appellant] filed a nunc pro tunc post-dispositional motion, which challenged the weight of the evidence… After reviewing the nunc pro tunc post-dispositional motion, [the juvenile court] was prepared to deny the motion on the merits without a hearing and within the 30-day time period [permitted for adjudication of such motions]. See Pa. R.J.C.P. 620(d); Pa. R.J.C.P. 625… However, on the 29th day of the 30-day time period…[the juvenile court] convened a shelter review hearing[.] At this hearing, substitute counsel for [Appellant], who was "filling in" for [Appellant's] counsel of record, indicated that [Appellant's] counsel of record wished to argue the nunc pro tunc post-dispositional motion[.] [The juvenile court] construed substitute counsel's statement an oral motion requesting an extension for the decision on the post-dispositional motion[.] [The juvenile court], after considering substitute counsel's oral motion, entered an order granting an extension for decision on the post-dispositional motion consistent[.]

Juvenile Court Opinion, 9/12/2018, at 4-5 (record citations omitted).

On March 2, 2018, the juvenile court ordered Appellant's counsel to file a brief relating to the weight of the evidence claim within 20 days of the order. Appellant's counsel filed his brief on May 3, 2018, 42 days late. On June 20, 2018, the clerk of courts, upon instruction from the juvenile court, entered an

order deeming Appellant's post-dispositional motion denied by operation of law. This appeal timely followed.[7]

Appellant presents a single issue[8] for our review.

> Whether the [juvenile] court erred as a matter of law or abused its discretion when adjudicating the juvenile [delinquent] on all []counts when the weight of the evidence established reasonable doubt[,] in that the juvenile was not even present at the time of the reported incident, the victims had two different set[s] of events, and there was a motive to make false statements.

Appellant's Brief at 4.

Appellant's claim challenges the weight of the evidence. Specifically, Appellant argues that the juvenile court abused its discretion by adjudicating Appellant delinquent "despite clear inconsistencies between the testimonies of the victims and despite clear evidence that [Appellant] was not residing in the home in which the alleged conduct occurred at the time it was alleged to have occurred." Appellant's Brief at 10.

"This Court applies the same standard for reviewing weight of the evidence claims in juvenile cases as those involving adults." In re J.G., 145 A.3d 1179, 1187 (Pa. Super. 2016) (citation omitted). "An appellate court's

_____

[7] Both Appellant and the juvenile court have followed Pa.R.A.P. 1925(c).

[8] Appellant raised a second issue in his concise statement related to the juvenile detention center in which he was placed. In his brief, however, Appellant states that he, "withdraws the second matter complained of in his concise statement as it is moot due to the passage of time and changed circumstances." Appellant's Brief at 9.

standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court[.]" Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013).

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence.

In re J.G., 145 A.3d at 1187 (internal quotation and citations omitted). "The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." Commonwealth v. Diggs, 949 A.2d 873, 879 (Pa. 2008). This Court will only reverse the juvenile court's adjudication of delinquency if it is so contrary to the evidence as to "shock one's sense of justice." In re J.M., 89 A.3d 688, 692 (Pa. Super. 2014).

> In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a [post-dispositional motion] based on a weight of the evidence claim is the least assailable of its rulings.

Diggs, 949 A.2d at 879-880 (emphasis added).

Appellant argues that the testimony of the two victims was so inconsistent that the juvenile court's decision to adjudicate Appellant delinquent constitutes an abuse of discretion. We cannot agree. A review of the record reveals minor inconsistencies in the victims' testimony. Such inconsistencies, however, were for the juvenile court to resolve. See In re

J.M., 89 A.3d at 692. We discern no palpable abuse of discretion, especially where, as the juvenile court noted, "the victims' testimony and interviews were marked by several very significant common narratives...[i.e.,] that [Appellant] forced the victims to play "games" with him...that [Appellant] locked the victims in his room, and that [Appellant's] door was such that a tool was required to lock and unlock the door[.]" Juvenile Court Opinion, 9/12/2018, at 14. Appellant's first argument is unavailing.

Next, Appellant states that "[t]he defense presented evidence through Kelly Brown, who is Appellant's mother, and though Crystal Walters, who is G.W.'s mother, Reginald Brown, who is Appellant's father and was the paramour of Crystal Walters. The testimony established that [Appellant] was not in the custody of Crystal Walters or Reginald Brown after May 29, 2015[.]" Appellant's Brief at 12. Appellant argues that, in light of this, Appellant was not in the home of Crystal Walters at the time the incident took place. In advancing this claim Appellant assumes a definitive incident date in June of 2015. That is not the case.[9] Again, these discrepancies regarding the date of the attacks were for the juvenile court to resolve. Our sense of justice is not shocked by the juvenile court's determination that "the balance of the

_____

[9] C.C. testified that the abuse occurred, "right around summertime. I'm not too sure [of] the date[.]" N.T., 5/31/2016, at 13. G.W. indicated the incident took place "around the June time period[.]" N.T., 5/31/2016, at 49. Moreover, Crystal Walters, a defense witness, testified that Appellant lived with her until she went to jail on "about June 28[, 2015.]"

evidence establishes beyond a reasonable doubt that the assaults did, in fact, occur." Juvenile Court Opinion, 9/12/2018, at 14. Appellant's challenge to the weight of the evidence is meritless. No relief is due.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2019