**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: T.L.R., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | No. 912 MDA 2024 |

Appeal from the Order Entered May 22, 2024
In the Court of Common Pleas of Luzerne County Juvenile Division at
No(s): CP-40-JV-0000009-2023

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 14, 2025**

Appellant T.L.R., a minor, appeals from the dispositional order adjudicating him delinquent of involuntary deviate sexual intercourse (IDSI) and indecent assault. On appeal, Appellant challenges the weight of the evidence. After careful review, we affirm.

The juvenile court set forth the following factual and procedural history:

This case involves [a minor] by the name of A.J. who testified that between the fall of the year 2020 and the summer of 2021, her seventeen (17) year old maternal uncle, [Appellant], touched her inappropriately and forced her to perform oral sex without her consent. A.J. explained that she and her uncle were very close and always hung out together. Furthermore, A.J. and [Appellant] resided in very close proximity to one another in respective halves of a double block with their families.

On January 6, 2023, Petitioner, the Commonwealth of Pennsylvania, filed a Petition Alleging Delinquency in which it alleged that the juvenile, [Appellant], committed Involuntary Deviate Sexual Intercourse by forcible compulsion in violation of [18 Pa.C.S. § 3123(a)(1)], Aggravated Indecent Assault without Consent in violation of [18 Pa.C.S § 3125(a)(1)] and Indecent

Assault of a person less than 13 years of age in violation [18 Pa.C.S. § 3126(a)(7)]. The Petitioner subsequently withdrew the count of Aggravated Indecent Assault without consent in violation of [18 Pa.C.S. § 3125(a)(1)] and amended the third count regarding the violation of [18 Pa.C.S. § 3126(a)(7)] to Indecent Assault without [c]onsent in violation of [18 Pa.C.S. § 3126(a)(1)].

On November 14, 2023, the court entered an order adjudicating [Appellant] delinquent on the offenses of Involuntary Deviate Sexual Intercourse, felony of the first degree, pursuant to [18 Pa.C.S. §3123(a)(1)], and Indecent Assault, misdemeanor of the second degree, pursuant to [18 Pa.C.S. § 3126 (a)(1)]. On November 21, 2023, [Appellant], by and through private counsel, filed post dispositional motions. [Appellant] and private counsel parted ways after trial and [Appellant] received court appointed counsel. Delays occurred in receipt of transcripts and as a result of the change in [Appellant]'s counsel.

Additional issues were raised by [Appellant]'s court appointed counsel within oral argument on May 21, 2024, and May 29, 2024. On May 31, 2024, this court denied [Appellant]'s post dispositional motions. On June 24, 2024, [Appellant] filed a Notice of Appeal to the Order entered on November 14, 2023, and docketed on November 15, 2023, and to the May 31, 2024 Order regarding his post-dispositional motions.

Juv. Ct. Op., 8/22/24, at 1-2 (some formatting altered).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The juvenile court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue:

1. Was the adjudication of delinquency against the weight of the evidence that the juvenile committed the offense of involuntary deviant sexual intercourse under [18 Pa.C.S. § 3123(a)(1)] and indecent assault under [18 Pa.C.S. § 3126(a)(1)]?

Appellant's Brief at 2 (some formatting altered).

Appellant's sole claim is that the adjudication of delinquency is contrary to the weight of the evidence for both charges. *Id.* Appellant's argument centers around challenging the credibility of the victim's testimony and the lack of any physical evidence to corroborate it. *See id.* at 10-22. Specifically, Appellant argues that the victim's testimony was not credible because of "inconsistencies [in her testimony], the presence of others when the alleged assaults were committed, the [victim's] consistent refusal to either disclose or cooperate with investigators, and her motivation to have fabricated her story." *Id.* at 10. Additionally, Appellant argues that the lack of physical evidence to corroborate the victim's testimony exacerbates the incredibility of her testimony. *Id.* at 18, 21-22.

Our standard of review for a weight of the evidence claim is as follows:

> "A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the grounds that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." [*In re J.B.*, 106 A.3d 76, 95 (Pa. 2014).] Thus, we may reverse the juvenile court's adjudication of delinquency only if it is so contrary to the evidence as to shock one's sense of justice. [*In re J.M.*, 89 A.3d 688, 692 (Pa. Super. 2014).] Moreover, where the juvenile court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. *Id.* Rather, this Court is limited to a consideration of whether the juvenile court palpably abused its discretion in ruling on the weight claim. *Id.* Hence, a juvenile court's denial of a weight claim is the least assailable of its rulings, as conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve. *Id.*

*In re A.G.C.*, 142 A.3d 102, 109 (Pa. Super. 2016) (some formatting altered).

Here, Appellant included his weight-of-the-evidence claim in his post-dispositional motion, which the juvenile court denied. *See* Post Dispositional Mot., 11/21/23. In its Rule 1925(a) opinion, the juvenile court explained that it "received the testimony of [the victim] and [the Appellant] and observed their demeanor as they sat in the witness stand just a few feet away from [the juvenile court judge]." Juv. Ct. Op. at 14. The juvenile court found the victim's testimony credible based upon the testimony itself as well as the victim's body language. *Id.* The juvenile court concluded that it believed the victim to be "truthful and genuine" regarding the incidents. *Id.* The court addressed the victim's reluctance to come forward by stating that "it was reasonable for [the victim], who was between thirteen (13) and fourteen (14) years of age at the time of the incidents, to be reluctant in reporting the sexual incidents that had occurred between herself and [Appellant] for fear of breaking up the families." *Id.*

Following our review, we discern no abuse of discretion by the juvenile court. *See A.G.C.*, 142 A.3d at 109. To the extent that Appellant claims there were inconsistencies in the victim's testimony, those issues are exclusively reserved for the fact finder. *See id.* After considering the Commonwealth's evidence and the victim's testimony the juvenile court decided to credit the victim's testimony. The juvenile court was free to believe "all, part, or none" of the testimony and this Court cannot reweigh the evidence and substitute its judgment for the factfinder. *J.M.*, 89 A.3d at 691.

As to the victim's motive to fabricate, the juvenile court also heard testimony regarding the alleged motive, which was related to the victim's fentanyl overdoses. *See* N.T. 9/13/23 at 39-40, 46. In addition to the testimony, Appellant's counsel argued the alleged motive to fabricate in his closing argument. *See id.* at 80. The juvenile court concluded that the victim's "use of fentanyl [does not] negate any inappropriate contact that had occurred between" the victim and Appellant. Juv. Ct. Op. at 11. Since the juvenile court, sitting as factfinder, observed testimony regarding the alleged motive to fabricate and still gave the victim's testimony weight, it is not for us to reweigh this evidence. *See Commonwealth v. Cramer*, 195 A.3d 594, 601 (Pa. Super. 2018) (declining to reweigh evidence on appeal where the factfinder heard testimony regarding the motive to fabricate).

Finally, Appellant's argument that there was no corroborative physical evidence to support the victim's testimony is unavailing. As the juvenile court pointed out in its opinion, uncorroborated testimony of a victim in a sexual offense case can be the sole basis for an adjudication of delinquency. Juv. Ct. Op. at 14 (citing *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005)); *see also In re K.A.S.*, 880 MDA 2024, 2024 WL 5183324, at *3 (Pa. Super. filed Dec. 20, 2024) (unpublished mem.) (applying *Castelhun* to a juvenile case).[1]

---

[1] *See* Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

Based upon our review of the record, this Court cannot conclude that the juvenile court below "palpably abused its discretion" in denying Appellant's weight-of-the-evidence claim. *See A.G.C.*, 142 A.3d at 109. Therefore, Appellant is not entitled to relief. Accordingly, we affirm.

Dispositional order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/14/2025